*[49]
 
 TANZER, J.
 

 The state appeals from an order suppressing testimony of a police officer because of the state’s alleged failure to comply with pretrial discovery statutes. ORS 135.815 requires the district attorney to disclose to a defendant the following items, among others, within his possession or control:
 

 "The names and addresses of persons whom he intends to call as witnesses at any state [sic] of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons.”
 

 The officer whose testimony is in issue arrested defendant for driving under the influence of intoxicating liquor. He recorded his observations of defendant in abbreviated form, in pencil, on the back of his traffic citation booklet. He later prepared his report of the arrest from the pencilled notes and, as was his custom, he then erased them. The report was furnished to the defense. On these findings of fact, the district court made the following conclusions of law:
 

 “1. The State is unable to produce a written memorandum of a witness who will be called at trial.
 

 "2. The State’s inability to produce the written memorandum is contrary to ORS 135.815(2)[
 
 1
 
 ] and
 
 State v. Johnson,
 
 26 Or App 651 (1976).”
 

 The district court therefore ordered that the officer’s testimony be suppressed. The circuit court affirmed and the state appeals. The issue is whether fragmentary notes constitute a statement within the meaning of the statute.
 
 [2]
 

 In
 
 State v. Johnson,
 
 26 Or App 651, 554 P2d 624
 
 rev den
 
 (1976), an undercover agent wrote a complete
 
 *[50]
 
 account of a narcotics sale on a form developed for that purpose. That handwritten report was then used by another officer to prepare a typewritten report, which was approved by the agent without reviewing the original report about one week after the narcotics sale. The original report was then routinely destroyed to save space. We held that the district attorney’s statutory duty of disclosure includes material in the possession of the police and affirmed the trial court’s conclusion that the destruction of the report violated the state’s statutory duty. Chief Judge Schwab, concurring, made a distinction which is apt here. He noted that the destroyed report was
 

 "* * * not fragmentary notes which became the basis of a written statement, nor stenographer’s notes, nor notes which have been transcribed, or things of that ilk, but, rather, a report of a crime adequate in itself to form the basis for initiating prosecution.” 26 Or App at 658.
 

 ORS 135.815(1) requires disclosure of the names of the state’s intended witnesses, “together with their relevant written or recorded statements or memoranda of any oral statements of such persons.” The plain language of the statute and the legislative history demonstrate that the officer’s fragmentary notes are not a statement within the meaning of the statute. The commentary to the Proposed Oregon Criminal Procedure Code at 186 (1972), *
 
 [3]
 
 indicates that the pretrial discovery provisions were derived from the ABA Standards of Criminal Justice. While the ABA Commentary, § 2.1, suggests that the term "statements” is not to be given an interpretation as restrictive as the federal rule,
 
 [4]
 
 there is no apparent intention to expand the term beyond its ordinary meaning.
 

 
 *[51]
 
 Accordingly, we construe the statute to require production of any “statement” which is intended by its maker as an account of an event or a declaration of fact. The statutory purposes of providing witness statements are to minimize surprise, avoid unnecessary trials, provide adequate information for informed pleas and to promote truthful testimony by allowing examination based on prior inconsistent statements. Proposed Oregon Criminal Procedure Code at 186 (1972). Requiring preservation and availability of fragmentary notes intended only as a touchstone for memory would be more likely to discourage police officers from taking notes, with a consequent reduction in accuracy, than to promote the statutory goals. Furthermore, it would be unfair and misleading to allow cross-examination of a witness based upon fragmentary or cryptic notes which were never intended to express a complete statement. For these reasons we hold that fragmentary notes are not subject to production under the discovery statutes.
 

 Reversed and remanded for trial.
 

 [1]
 

 From the context, it is apparent that the court intended to refer to OES 135.815(1) rather than 135.815(2).
 

 [2]
 

 Although the district court refers to the notes as a "written memorandum,” the statutory phrase "memoranda of any oral statements” refers to the reports of statements of others. We treat the order as having intended to treat the witness’ notes as his statement.
 

 [3]
 

 See also
 
 Minutes, Criminal Law Revision Commission, Subcommittee No. 3, March 16, 1972, p 8, and June 2, 1972, pp 7-8; Minutes, Criminal Law Revision Commission, July 24, 1972, pp 7-8.
 

 [4]
 

 The commentary contrasts its approach with the definition of "statement” in the Jencks Act, 18 USC § 3500 (1970):
 

 "(e) The term 'statement,’ * * * in relation to any witness called by the- United States; means—
 

 
 *[51]
 
 "(1) a written statement made by said witness and signed or otherwise adopted or approved by him;
 

 "(2) a stenographic, mechanical, electrical, or other recording, or a transcript thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
 

 "(3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.”