Argued November 15, 1977, reversed and remanded for trial
March 13, 1978

STATE OF OREGON, *Appellant,*

*v.*

ROBERT LEONARD GRAVES, *Respondent.*

(No. 38002, CA 8468)

575 P2d 1021

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

William A. Barton, Newport, argued the cause for respondent. With him on the brief was Barton & Armbruster, Newport.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

The state appeals from an order of the trial court holding that in light of the state's violation of ORS 135.815(1)[1] the testimony of a key state witness should be limited to certain subjects.

Sometime after closing at 6 p.m. on January 7, 1977, a grocery store owned by Russell Dubbels was broken into and several items were taken. When Dubbels arrived at the store the next morning he called the sheriff's office and a Deputy O'Brien came to the store. Dubbels gave O'Brien a list of the stolen property and also went through the store with O'Brien and told him which items were missing. Later that day Dubbels prepared a second list of the missing items for tax purposes, and O'Brien prepared a typewritten police report of the burglary and listed in the report "some of the items, * * * maybe all of them" he observed on Dubbels' first list. O'Brien then destroyed Dubbels' first list.

On the next night, January 8, 1977, Dubbels' store was again broken into and additional items were taken. Defendant was indicted for both burglaries with the trial for the January 7 burglary occurring first. Midway through the first trial a mistrial was granted and the trial of the January 7 burglary was reset for April 14, 1977. On April 14, 1977, defendant filed a motion requesting discovery of Dubbels' first list. The evidence adduced at the hearing on the discovery motion showed that Dubbels' second list and O'Brien's report differed as to which items were missing on the morning of January 8 when Dubbels discovered the burglary. Dubbels' second list did not show a carton of cigarettes which appeared on the

---

[1] ORS 135.815(1) provides:

"* * * [T]he district attorney shall disclose to the defendant the following material and information within his possession or control: * * * [t]he names and addresses of persons whom he intends to call as witnesses at any state of the trial, together with their relevant written or recorded statements * * *."

police report, and the quantity of beer missing differed. After the hearing, the trial court limited the testimony of Dubbels by ordering that Dubbels not testify as to what items were taken from his store during the January 7 burglary.

In *State v. King,* 30 Or App 223, 566 P2d 1204 (1977), *rev den* 281 Or 1 (1978), we held:

> "* * * that a party aggrieved by a violation of the criminal discovery statutes who establishes substantial prejudice to the preparation of his case for trial is entitled to some remedy for the other party's breach of statutory duty. * * * And conversely, we hold that no sanction for violation of the discovery statutes is warranted when the violation causes no prejudice in the preparation of the case for trial. * * *" 30 Or App at 230.

In *State v. King, supra,* the issue was whether the failure of the prosecution to disclose the names of two witnesses prejudiced the defendant's ability to prepare for trial. Where, as here, the discoverable material has been destroyed, the issue is not only whether a defendant has been thereby prejudiced in preparing for trial, but also whether he has been prejudiced in the presentation of his case at trial.

As the state does not contend in its brief that Dubbels' first list was not subject to disclosure under ORS 135.815(1),[2] the question becomes whether the destruction of the list prejudiced defendant, *i.e.,* whether defendant would have done anything differently in preparing for trial or presenting his case at trial had he had access to Dubbels' first list. *See, State v. King, supra* at 230.

Defendant contends first that he is prejudiced by the absence of Dubbels' list in that the state's case as to the January 7 burglary is based in large part on the

---

[2]In *State v. Bray,* 31 Or App 47, 569 P2d 688 (1977), we construed the word "statements" in ORS 135.815(1) to include any written or recorded account of a witness "which is intended by its maker as an account of an event or a declaration of fact." Dubbels' first list would appear to meet either of these criteria. *Cf. State v. Morrison,* 33 Or App 9, 575 P2d 988 (1978).

testimony of a woman charged with defendant for the January 8 burglary. Defendant contends that this woman would testify that on January 8 she ate a can of spaghetti provided by defendant. Police later recovered an empty can of spaghetti in the location identified by the potential witness. The physical evidence —the brand name and the price markings—is not inconsistent with a conclusion that the spaghetti was taken from Dubbels' store on January 7. Defendant contends that the destruction of Dubbels' first list deprived him of the "best evidence" to cross examine this co-defendant regarding the spaghetti. We fail to understand the applicability of the "best evidence" rule in this setting, see McCormick, Evidence § 230 (2d ed E. Cleary 1972), but in any case, the absence of Dubbels' first list cannot prejudice defendant in this regard, for Dubbels testified that due to the volume in his store, he was unable to ascertain on the morning of January 8 whether a can of spaghetti had been taken in the previous night's burglary. There is no evidence that Dubbels was unavailable to testify for defendant on that point. In addition, neither Dubbels' second list nor O'Brien's police report mentioned a can of spaghetti, and O'Brien testified that his notes did not state that Dubbels' first list contained a can of spaghetti.

Defendant next contends that the state would have to prove that certain items were stolen in the January 7 burglary in order to corroborate the testimony of the co-defendant in the January 8 burglary, and that the absence of the list prejudices his ability to challenge the state's evidence as to what items were stolen. However, the co-defendant is an "accomplice" under ORS 136.440(2)[3] only as to the January 8 burglary.

---

[3]ORS 136.440 provides:

"(1) A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances of the commission.

Her testimony as to the January 7 burglary needs no corroboration. Defendant's contention in this regard also appears to be based on a misconception of the state's burden in proving burglary. Under ORS 164.215 the state need not prove that any items whatsoever were taken from a building in order to obtain a conviction for burglary. The state need only prove that a defendant entered or remained unlawfully in a building with intent to commit a crime therein.

As we fail to see how defendant was prejudiced by the destruction of Dubbels' first list, we conclude that the trial court's order limiting the testimony of Dubbels was in error.

Reversed and remanded for trial.

---

"(2) As used in this section, an 'accomplice' means a witness in a criminal action who, according to the evidence adduced in the action, is criminally liable for the conduct of the defendant under ORS 161.155 and 161.165, or, if the witness is a juvenile, has committed a delinquent act, which, if committed by an adult, would make him criminally liable for the conduct of the defendant."