Argued December 19, 1978, affirmed March 5

# STATE OF OREGON, *Respondent,*
*v.*
# GERALD EARL PETERS, *Appellant.*
## (No. 1174 C-7, CA 11888)

591 P2d 761

William A. Barton, Newport, argued the cause for appellant. With him on the brief was Barton & Armbruster, Newport.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer & Buttler, Judges.

BUTTLER, J.

**BUTTLER, J.**

Defendant appeals from his conviction, after a jury trial, of driving while under the influence of intoxicants. He raises two assignments of error.

When defendant was arrested, the officer made an audio tape recording of the entire process, including the observations of two eyewitnesses who were called to testify at trial, and also took handwritten notes, which he later transcribed. The tape and notes were both turned over to the District Attorney's office. Following defendant's request for pretrial disclosure, the state disclosed the existence of the typewritten notes and the police observation report, but not the handwritten notes or tape which apparently had been lost by the state.[1] The defense first learned of the existence of a tape recording after the trial had begun.

Defendant moved for dismissal or, in the alternative, to strike the testimony of the eyewitnesses on the grounds that the failure of the state to disclose the existence of the tape and notes denied him due process, *Brady v. Maryland*, 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), prejudiced the presentation of his case and violated ORS 135.815 and 135.865.[2] He raises the trial court's denial of those motions as his assignments of error. We find no error.

---

[1] Defendant does not contend, nor is there any indication, that the state willfully suppressed, destroyed, or was even aware of the evidence. The arresting officer, when testifying, could not remember if he actually made a tape recording, although it was his custom to do so. Only one of the witnesses remembered making a tape recording of her observations.

[2] ORS 135.815 provides in pertinent part:

"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within his possession or control:

"(1) The names and addresses of persons whom he intends to call as witnesses at any state of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons.

■ With reference to the officer's handwritten notes, we have previously held that such fragmentary notes, intended only as a "touchstone for memory," are not subject to production under the criminal discovery statutes where the author has later transcribed them and does not refer back to the fragmentary notes prior to trial. *State v. Bray*, 31 Or App 47, 50-51, 569 P2d 688 (1977). That being the situation here, the officer's notes were not discoverable by the defendant.

■■ On the other hand, the audio tape does fall within the coverage of ORS 135.815(1) and we must, therefore, determine whether the trial court properly denied defendant's motions on the grounds that the unavailability of the tape did not deny him due process or prejudice his case, and that there was not a violation of the criminal discovery statutes. Our inquiry concerning the alleged statutory violation is twofold: (1) when the claim of a ciolation arose during the trial, did the court make a record of whether the statutes were complied with, the explanation for noncompliance, and the impace of noncompliance on the aggrieved party, and (2) does the record support the finding that no sanction for violation of the discovery statute is warrranted because the violation caused defendant no prejudice in the preparation of his case for trial. *State v. King*, 30 Or App 223, 226- 30, 566 P2d 1204 (1977). The record here is sufficient and, as shown below, defendant has failed to show any prejudice — · that "he was not misled into a course

---

"(2) Any written or recorded statements or memoranda of any oral statements made by the defendant, or made by a codefendant if the trial is to be a joint one.
"* * * * *."

ORS 135.865 provides:
"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

[112]

of action or inaction which would not otherwise have happened." *State v. King, supra* at 230.

■ At the trial, the state introduced evidence of a breathalyzer result of .11 percent blood-alcohol and evidence that defendant's driving and physical condition was impaired at the time of his arrest. As we held in *State v. Clark,* 35 Or App 851, 856, 583 P2d 1142 (1978), *rev allowed* 285 Or 195 (1979), where the breathalyzer result demonstrates that defendant was driving with a blood-alcohol level in excess of that permitted by statute, the defendant may only attack that evidence in one of two ways: (1) impeach the test results through proof that the test was administered improperly, or (2) offer "circumstantial evidence from other witnesses (including the defendant) to show that there is such a disparity between what the chemical test shows and other facts that one should *infer* that the test was in some way defective. That evidence is relevant only if proper evidence of the relationship between physical size, blood alcohol content and reasonably expected behavior has been previously introduced."

■ With respect to defendant's due process claim, *Brady v. Maryland, supra,* and *State v. Koennecke,* 29 Or App 637, 643, 565 P2d 376, *rev den* (1977), both hold that the burden is on the defendant to establish with some particularity that the evidence sought will be favorable and material to his guilt or innocence. Further, whether the evidence has been destroyed "is irrelevant to the question of whether the refusal to produce the evidence is violative of the state's duty to disclose." *State v. Michener,* 25 Or App 523, 532, 550 P2d 449, *rev den* (1976). Defendant contends that the tape and notes might contain evidence to impeach the officer's testimony and show that defendant's speech was not slurred. His claim of prejudice relies much more on speculation than concrete evidence. He maintains that the tape and notes *might* contain statements inconsistent with the witnesses' testimony, that he,

therefore, *might* be able to impeach those witnesses, and that the tape *might* demonstrate that his speech was not slurred. Such a showing is not sufficient under *Koennecke* to establish that defendant's case was prejudiced or that he was denied due process.

Affirmed.