Submitted February 14, affirmed in part;
reversed in part April 2, 1979

# STATE OF OREGON, *Respondent,*
*v.*
# JAMES IRWIN Mc MAHAN, *Appellant.*
## (No. DA 143302, CA 12495)

592 P2d 1093

Patrick A. Reagan, Portland, filed the brief for appellant.

James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, filed the brief for respondent.

Before Schwab, Chief Judge, Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant appeals from a conviction of disorderly conduct[1] and attempted criminal mischief in the second degree.[2] Defendant was charged with the offenses as a result of his alleged acts in a disturbance at Oregon Steel Mills during a labor strike.

Defendant first assigns as error the state's failure to plead and prove that the damage to property exceeded $100. The state concedes this was error. The criminal mischief conviction is reversed.

As his second assignment of error defendant argues that a photograph of a broken windshield should not have been admitted because defendant did not have notice that actual damage to property was an issue. He further contends that he was surprised by its introduction because he was not made aware of the photograph

---

[1] ORS 166.025 provides in pertinent part:

"(1) A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
"(a) Engages in fighting or in violent, tumultuous or threatening behavior, or
"* * * * *
"(e) Obstructs vehicular or pedestrian traffic on a public way; * * *"

[2] ORS 164.354 provides:

"(1) A person commits the crime of criminal mischief in the second degree if:
"(a) He violates ORS 164.345, and as a result thereof, damages property in an amount exceeding $100; or
"(b) Having no right to do so nor reasonable ground to believe that he has such right, he intentionally damages property of another, or, he recklessly damages property of another in an amount exceeding $100.
"* * * * *"
ORS 164.345 provides:

"(1) A person commits the crime of criminal mischief in the third degree if, with intent to cause substantial inconvenience to the owner or to another person, and having no right to do so nor reasonable ground to believe that he has such right, he tampers or interferes with property of another.
"* * * * *"

until the day of trial and that the photograph was prejudicial.

■ Regardless of whether the photograph was admissible as proof in the criminal mischief charge, it was relevant and admissible on the disorderly conduct charge[3] since witnesses testified that defendant had broken a windshield.

■ Although defendant was not informed of the photograph until the day of trial, he was informed of its proposed use as soon as the prosecuting attorney obtained it. The court, relying on *State v. King*, 30 Or App 223, 556 P2d 1204 (1977), *rev den*, 281 Or 1 (1978), stated the defendant would have been granted a continuance if he had requested it but defendant failed to do so. As to defendant's argument of prejudice we detect nothing in the record indicating what defendant would have done differently to prepare for trial if he had had prior notice of the photograph. *State v. King, supra*, 30 Or App at 229-30.

■ Defendant also assigns as error the court's admission of testimony of a police officer because the list of witnesses provided to the defendant by the state did not include this particular officer. Defendant did not object at trial, thus the issue is not properly before us. *State v. Webber*, 14 Or App 352, 513 P2d 496 (1973). The disorderly conduct conviction is affirmed.

Affirmed in part; reversed in part.

---

[3] The court explained to the jury that the photograph was evidence only on the disorderly conduct charge.