## STATE OF OREGON,
*Appellant,*

*v.*

## THOMAS WAYNE DYSON,
*Respondent.*

(No. D1-8347, CA 19853)

629 P2d 887

Alexander A. Wold, Jr., Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief was J. Pat Horton, District Attorney, Eugene.

Elizabeth A. Baldwin, Public Defender Services of Lane County, Inc., Eugene, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant was charged with the class "A" misdemeanor of "Illegal Possession of Doe Deer."[1] The state appeals, challenging the sanction of dismissal imposed by the trial court after an omnibus hearing for violation of the discovery statute. ORS 135.815. We reverse.

Following a motion to dismiss or, alternatively, to exclude testimony, the trial court made findings of fact reflecting the history of discovery in this case.[2] On the basis of the findings the trial court suppressed the testimony of three witnesses and ordered that the state would not be permitted to use the "late" discovery material at trial.

The state assigns as error the trial court's sanction, contending that: (1) defendant was not prejudiced in his

---

[1] The parties did not cite the pertinent criminal statute. We have concluded that the charge is based on ORS 496.162 and ORS 496.992, concerning game violations.

[2] "1. That the defendant, through Counsel, requested discovery in this case by a letter dated June 20, 1980, and directed to the District Attorney;

"2. That there was no response by the District Attorney's Office to Defendant's discovery letter until at least January 2, 1981;

"3. That Counsel for the defense made telephone inquiry to the prosecutor's office regarding discovery on December 19, 1980, and that Counsel's telephone call was not returned;

"4. That at Docket Call on December 22, 1980, the State reported ready for trial, but the defendant indicated that he was not ready because he did not have any discovery at all, and that to this representation by the defendant the State replied that it did not have the discovery material either;

"5. That at Docket Call the Court then directed that the State provide discovery to the defendant by noon on Friday, December 26, 1980;

"6. That the day following Docket Call, December 23, 1980, the District Attorney informed the Court by letter that it was having difficulty complying with the deadline imposed by the Court because one of the State troopers involved in the case was on vacation;

"7. That on January 2, 1981, the defense attorney received partial discovery, and that the defense attorney received additional new discovery on January 5, 1981;

"8. And that it has been shown that defense counsel and the defendant have had some difficulty communicating effectively as to the late discovery materials because the defendant resides out of this County, and that defense counsel is uncertain as to whether a Motion to Suppress would be appropriate due to the late discovery and the trial date scheduled for January 9, 1981;"

preparation for trial and (2) the more reasonable and appropriate remedy would be to grant a continuance.

ORS 135.865 permits a number of sanctions for violations of the criminal discovery statutes, including suppression of a witness' testimony.[3] However, in *State v. King,* 30 Or App 223, 228, 566 P2d 1204 (1977), *rev den* 281 Or 1 (1978), we stated that "the sanction of ruling nondisclosed evidence excluded from the trial should be used only in the most extreme situations." And, "* * * generally an order to disclose and a reasonable continuance would be the most appropriate remedy in the majority of situations." *Id.* at 228. As we summarized in *State v. Campbell,* 44 Or App 3, 6, 604 P2d 1266, *rev den* 289 Or 71 (1980), "* * * [E]xclusion of evidence is appropriate only where the violations substantially prejudice the other party in preparing its case for trial and no less severe sanction will obviate the prejudice."

■    Although we do not condone the district attorney's failure to comply with the discovery statute, we think the sanction imposed was too severe. The trial court made no finding of prejudice to defendant, and we have found none. In this case, the public interest in the criminal justice system would have best been served by a continuance.

■    In so holding, we are mindful of the fact that the trial court may have imposed the more severe sanction out of a desire to reprimand the district attorney for what the court felt was inexcusable conduct, i.e., the district attorney's lack of compliance with the discovery statute was compounded when he misrepresented at docket call that the state was ready for trial. Therefore, we emphasize that the requirement that the sanction must match the degree of harm shown applies only to sanctions

"specifically enumerated in the discovery statutes * * * [and] we do not restrict the use of the trial court's contempt power or any other inherent power in the case of wilfull,

---

[3] ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

repeated or reckless failure to comply with the discovery statute even absent any actual prejudice to a litigant."[4] *State v. King, supra,* 30 Or App at 230.

Reversed and remanded for trial.

---

[4] We note that the district attorney's failure to comply with ORS 135.815 also constituted a violation of the Lane County District Court rules requiring that discovery be completed in advance of trial and that *reporting ready for trial at docket call constitutes a representation that the party is ready for trial on the date set.* Defendant argues that the trial court did not abuse its discretion in ordering the exclusion of evidence given the "unexcused disregard" of the court rules. However, where the same conduct violates both a rule and a statute, to hold that the court could impose this sanction for violation of the rules where it could not, under our interpretation of ORS 135.815(1), impose the sanction for violation of the statute, would put the rule above the statute. *Moberg v. Baker et ux,* 217 Or 551, 553-54, 307 P2d 759, 342 P2d 828 (1959); *State v. Reyes,* 209 Or 595, 303 P2d 519, 304 P2d 446, 308 P2d 182 (1957).