Argued and submitted May 22; resubmitted
in banc October 7, affirmed October 19,
reconsideration denied December 4,
petition for review allowed December 22, 1981 (292 Or 334)
See later issue Oregon Reports

STATE OF OREGON,
*Respondent,*

*v.*

DOUGLAS RONALD MAI,
*Appellant.*

(Nos. T 80 4-1915, T 80 4-1916, CA 19767)

634 P2d 1367

Merrill Schneider, Sandy, argued the cause and filed the brief for appellant.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

THORNTON, J.

Van Hoomissen, J., dissenting opinion.

## THORNTON, J.

Defendant was convicted after jury trial in the district court of driving under the influence of intoxicants, attempting to elude a police officer. The sole issue presented on appeal is whether the trial judge committed reversible error in refusing to allow testimony of defendant's girlfriend as a penalty for the defense attorney's violation of the discovery statute. ORS 135.835.[1]

Defendant makes two main contentions, first, that no sanction was permissible since defense counsel's misconduct caused the state no prejudice; and second, that this ruling violated his Sixth Amendment right to compulsory process.

The essential facts are as follows:

After the state had rested its case-in-chief, defense counsel informed the court that in addition to calling defendant, he intended to call defendant's father and defendant's girlfriend as witnesses.[2] The prosecutor objected on the ground that defendant had not complied with ORS 135.835 by providing the prosecutor with the names and addresses of those witnesses. Defense counsel does not contest the fact that he failed without good cause to comply with the prosecutor's pretrial demand for discovery.

In an attempt to remedy the problem created by the misconduct of defense counsel, the trial court stated:

"THE COURT: Mr. Schneider, I'm trying to devise a procedure whereby this witness might be allowed to testify. You have already acknowledged that you violated the discovery laws concerning the nondisclosure of this witness. Now, I'm trying to get enough cooperation out of you, if you're interested in giving it to allow you to call that

---

[1] ORS 135.835 provides:

"* * * [T]he defendant shall disclose to the district attorney * * *:

"(1) The names and addresses of persons, * * * whom he intends to call as witnesses at the trial, * * *.

"* * * * *"

[2] Defendant proposed to call two witnesses, Miss Cansler, defendant's girlfriend, and defendant's father. The state objected to both witnesses. The father did in fact testify, and therefore the only assigned error is the ruling that Miss Cansler could not testify.

witness. Now, I will let you know plainly, sir, at this point, which is twenty til twelve, that we have nearly two hours between now and when we take up with your evidence, if you have any in this case. We will take up again with the matter of your violation of the discovery statute at 1:30. At that time I will, I will make inquire *[sic]* of the state's attorney as to what attempts she has made to avoid any surprise and prejudice that's been created by your, I think you called it, nonfeasance, and then we'll take up the questions of whether or not you'll be allowed to call that or any other witness that you have not disclosed to the state's attorney in this case.

After the noon recess the prosecutor advised the court that she had been unable to interview defendant's girlfriend or defendant's father because defense counsel had instructed both of them not to talk to the prosecutor. After argument about whether the witnesses could testify, the court ruled:

"The court will accordingly rule that not only has there been a violation of the discovery statutes with respect to calling of the two witnesses but that the only reasonable course the court can take in view of the situation including conduct of counsel will be to direct counsel not to call them as witnesses. I further advise you * * * not to refer in any fashion to them by name or in any other way during the balance of this trial."

Defendant's request to make an offer of proof was denied.

■ ORS 135.865[3] gives a trial judge broad discretion in the choice of sanctions which may be imposed in the event of the failure of a party to comply with the discovery provisions of ORS 135.805 *et seq.* In *State v. King,* 30 Or App 223, 566 P2d 1204 (1977), *rev den* 281 Or 1 (1978), we said:

"[The] legislative history [of ORS 135.865] indicates that the various draftsmen intended: (1) trial courts would have discretion and could use ingenuity to fashion remedies for violation of the discovery statutes, subject to

---

[3] ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

appellate court supervision; (2) that the extent of prejudice caused by nondisclosure would be relevant to the formulation of a remedy; (3) generally, an order to disclose and a reasonable continuance would be the most appropriate remedy in the majority of situations; and (4) that the sanction of ruling nondisclosed evidence excluded from the trial should be used only in the most extreme situations." 30 Or App at 228.

We then held that:

■ "* * * [N]o sanction for violation of the discovery statutes is warranted when the violation causes no prejudice in the preparation of the case for trial. * * *

■ "* * * [A] party aggrieved by a violation of the criminal discovery statutes who establishes substantial prejudice to the preparation of his case for trial is entitled to some remedy for the other party's breach of statutory duty. * * *

■ "* * * [T]he selection of a sanction to be imposed upon the offending party is limited by the guidelines noted above. * * *" 30 Or App at 230.

It is undisputed that defendant's attorney failed to furnish the names and addresses of witnesses in advance of trial as required by ORS 135.835. Further, it appears that in the course of trial and during a recess the defense attorney ordered defendant's girlfriend and his father not to talk to the prosecution.

ORS 135.865 specifically authorizes the trial judge under these circumstances to refuse to receive in evidence the material not disclosed. In *State v. Wolfe,* 273 Or 518, 524, 542 P2d 482 (1975). Our Supreme Court said, *inter alia:*

"We agree with the Court of Appeals in its opinion in this case to the effect that its previous opinion in *Curtis* does not impose a requirement that a party to a criminal case may not object to the calling against him of a witness whose name has not been previously disclosed by the other party unless he can show that he would be prejudiced by the calling of that witness. Neither does *Curtis* require the trial court to make a finding of prejudice in such a case as a condition of sustaining an objection to the testimony of such a witness."

The girlfriend was in effect a surprise witness.

The Supreme Court's decision in *Wolfe* provides us with direct guidance here. In *Wolfe,* as in the case at bar, defendant had failed to give the State notice that he intended to call two defense witnesses. As a penalty for these violations of the discovery statute the trial court refused to allow either to testify at the trial. The Supreme Court affirmed on two separate grounds: As to the first witness, the court held that in the absence of an offer of proof, any error in the trial court's refusal to admit the testimony was not a cognizable issue on appeal. As to the second witness, who was offered to impeach one of the State's witnesses on a collateral point, the court held that the exclusion of this witness' testimony as a penalty for violating the discovery statute was not reversible error where (a) defendant knew of the additional information to be supplied by the witness on the day before she was called, and (b) the offered testimony would not have been admissible anyway.

■     We find the case at bar to be an eminently proper case for the imposition of the sanction imposed by the trial judge. Defendant's counsel admitted that he violated the discovery statute. The trial judge tried to give the defense an opportunity to rectify the situation so that defendant could still call his witnesses. This was by allowing the prosecution to talk to the witnesses during the recess. Instead of cooperating in the salvage effort suggested by the court, defense counsel ordered the two witnesses not to talk to the deputy district attorney. This was impermissible. *See State v. York,* 291 Or 535, 632 P2d 1261 (1981).

Because of defense counsel's own actions in blocking any form of discovery and frustrating the efforts by the court to rescue the defense from its own predicament, defendant is in no position to complain on appeal.

The United States Supreme Court in *U.S. v. Nobles,* 422 US 225, 241, 95 S Ct 2160, 45 L Ed 2d 141 (1975), rejected the compulsory process argument by defendant where a trial court excluded testimony of a witness after defendant failed to meet discovery obligations. *See also Wardius v. Oregon,* 412 US 470, 474, 93 S Ct 2208, 37 L Ed 2d 82 (1973).

We need not consider whether it was error to deny defendant's offer of proof as to the proposed testimony of defendant's girlfriend since defendant does not assign this as error.

Summarizing, we hold that under the facts presented the trial court did not abuse its discretion in refusing to allow defendant's girlfriend to testify.

Affirmed.

**VAN HOOMISSEN, J.,** dissenting.

After failing to comply with the pretrial discovery provisions of ORS 135.835, defendant's attorney told two defense witnesses not to talk to the prosecutor. The trial court ruled that one of those witnesses could not testify. Defendant was convicted. On appeal he contends the trial court erred, because (1) no sanction was permissible since defense counsel's misconduct caused the state no prejudice, and (2) this ruling violated his Sixth Amendment right to compulsory process.[1]

---

[1] Art 1, § 11 of the Oregon Constitution and the Sixth Amendment to the Federal Constitution provide that an accused has the right to compulsory process for obtaining witnesses in his favor. The Sixth Amendment, which is applicable to the states, includes the right to examine witnesses obtained. *Washington v. Texas,* 388 US 14, 87 S Ct 1920, 18 L Ed 2d 1019 (1967).

Because I would reverse on other grounds, it is unnecessary for me to consider whether refusing to permit a defense witness to testify because the defense has failed to comply with discovery statutes is a violation of defendant's constitutional right to compulsory process, a question never directly answered by the United States Supreme Court. *See State v. Wolfe,* 273 Or 518, 528, 542 P2d 482 (1975) (Denecke, J., specially concurring).

Standard 4.7, ABA Standard Relating to Discovery and Procedure Before Trial (1970), does not include the language "or refuse to permit the witness to testify." That language was intentionally omitted because:

"Without rejecting this device as a useful sanction in some situations, some members of the Committee thought there would be difficulties in applying it against accused persons, and unfairness if the sanction was applied only against the prosecution. The Committee's general view, moreover, was that the court should seek to apply sanctions which affect the evidence at trial and the merits of the case as little as possible, since these standards are designed to implement, not to impede, fair and speedy determinations of cases." ABA Standard, *supra,* Commentary at 107-08.

*United States v. Nobles,* 422 US 225, 95 S Ct 2160, 45 L Ed 2d 141 (1975), and *Wardius v. Oregon,* 412 US 470, 93 S Ct 2208, 37 L Ed 2d 82 (1973), cited by the majority, are not applicable here, because this case should be reversed on the authority of *State v. King,* 30 Or App 223, 566 P2d 1204 (1977), *rev den* 281 Or 1

The majority holds that the trial court did not abuse its discretion in refusing to allow the witness to testify and that the defendant has no basis to complain about deprivations of his constitutional rights. I respectfully dissent and would hold that the trial court committed reversible error because: (1) the trial court made no findings concerning any prejudicial effect upon the state's case, (2) the record does not support the imposition of the particular sanction, and (3) the trial court denied the defendant an opportunity to make an offer of proof.[2]

---

(1978). Furthermore, *Nobles* and *Wardius* are distinguishable on their facts. In *Nobles* the defense refused to produce a copy of an investigator's report which the defense had used during cross-examination of the government's witnesses. After the government had completed its case, the defense called the investigator as a witness. The trial court ruled that if the investigator testified, his written report must be provided to the prosecutor for purposes of cross-examination. When the defense refused to produce the report, the trial court ruled the investigator could not testify. The United States Supreme Court ruled that the trial court's preclusion sanction was an entirely proper method of assuring compliance with the trial court's order to produce. In *Wardius* the United States Supreme Court ruled that due process mandates that enforcement of a statute requiring a defendant to give pretrial notice of an alibi defense requires reciprocal discovery rights be given to the defendant, *i.e.,* discovery must be a two-way street.

[2] While the defendant did not assign as error the trial court's refusal to permit an offer of proof, this court may take notice of errors of law apparent on the face of the record. Rule of Appellate Procedure 7.19.

After the court ruled the witnesses could not testify, the following exchange occurred:

"MR. SCHNEIDER: Well, your honor, I'd like to make an offer of proof at this time.

"THE COURT: That offer is denied.

"MR. SCHNEIDER: You're not going to allow me to call them so I can put on the record what their testimony would be?

"THE COURT: You've already stated what their testimony was going to be Mr. Schneider. There's been no — There's been no dispute of that by the state since they've not been allowed an opportunity to find out what these witnesses would say.

"MR. SCHNEIDER: Well, your honor, I think the record should be complete.

"THE COURT: The record is complete with a summary of what their statement is. Do you contest or have any way of contradicting the statement made, representation made by Mr. Schneider previously that that's what the witnesses would testify?

"MS. O'NEILL: I have no idea what they would testify to, your honor.

Defense counsel was guilty of misconduct. First, he violated the clear mandate of ORS 135.835. Second, he improperly interfered with the legitimate efforts of the prosecutor to interview prospective witnesses by instructing them not to talk to the prosecutor or by telling them that they did not have to talk to the prosecutor and that it was his wish that they do not. *See State v. York,* 291 Or 535, 632 P2d 1261 (1981).[3] Having recognized the misconduct of defense counsel, our inquiry turns to appropriate sanctions.

Insofar as the defendant's failure to comply with the discovery statutes is concerned, the appropriate inquiry is: what would the prosecutor have done differently to prepare for trial had the defense disclosed before trial its intent to call Miss Cansler as a witness? *State v. King,* 30 Or App 223, 229, 566 P2d 1204 (1977), *rev den* 281 Or 1 (1978). The record contains no answer to that question, because the trial court made no findings concerning any prejudicial effect upon the preparation of the state's case.[4]

---

"THE COURT: Then I'll take your word for the fact Mr. Schneider, as set forth in your opening statement and the other statements that you've made for the record here that the witnesses would testify as you outlined.

"MR. SCHNEIDER: I'm not sure I outlined it completely and I'm not sure exactly what they're going to testify to and I think it should be on the record. I think they should be, I should be entitled to make my offer of proof at this point, your honor.

"THE COURT: That motion is denied."

There would be no cognizable issue on appeal if defendant had not attempted to make an offer of proof in order to preserve the issue for appeal, *State v. Wolfe,* 273 Or 518, 542 P2d 482 (1975), unless perhaps the substance of the excluded evidence was apparent. *See* Rule 103(1)(b), Oregon Evidence Code (effective January 1, 1982).

[3] It is not clear from the record whether the sanction was imposed because the defendant failed to comply with ORS 135.835 or because the trial court found that the conduct of defense counsel during the noon recess compelled such a sanction, or both. It is clear, however, that the trial court made no findings that the state was prejudiced in the preparation of its case for trial or in presenting its case at trial. It is also clear that the trial court made no findings that other sanctions, short of ruling the witness could not testify, would not be as effective in protecting the state's rights.

[4] Any claim of prejudice arising from a denial of discovery is reviewable on appeal. *State v. York,* 291 Or 535, 632 P2d 1261 (1981); *State ex rel Automotive Emporium v. Murchison,* 289 Or 265, 611 P2d 1169 (1980); *State v. King,* 30 Or App 223, 566 P2d 1204 (1977), *rev den* 281 Or 1 (1978); *State v. Addicks,* 28 Or App 663, 560 P2d 1095 (1977). For this reason it is important for the trial court to make findings to give appellate courts a basis for review.

*State v. Johns,* 44 Or App 421, 427, 606 P2d 640, *rev den* 289 Or 1 (1980). My review of the record satisfies me that the prejudicial effect, if any, was minimal. The defense attorney had outlined his theory of the case in his opening statement. He proposed to call Miss Cansler to corroborate the defendant's testimony. There is nothing in the record from which I can deduce that the state's case would have been prepared differently had Miss Cansler's name and address been provided.

Next I consider the defense counsel's misconduct in instructing his witnesses not to talk to the prosecutor. Assuming *arguendo* that the prosecutor took appropriate action to overcome the obstacle sought to be imposed by the defense counsel, a point upon which reasonable persons might disagree, the trial court again failed to make any findings concerning any prejudicial effect upon the presentation of the state's case at trial resulting from defense counsel's misconduct. I find the record devoid of any evidence that defense counsel's misconduct had any prejudicial effect upon the ability of the prosecutor to prosecute the case successfully. *State v. York, supra; State v. King, supra.*

Similarly, the trial court failed to demonstrate on the record that the sanction of refusing to permit the witness to testify was warranted. In *State v. King, supra,* we said the sanction of ruling nondisclosed evidence excluded from the trial should be used only in the most extreme situations. 30 Or App at 228. Many alternative remedies and sanctions are available to a trial court confronted with misconduct by trial counsel. *King* simply requires, before a trial court orders nondisclosed evidence be excluded from the trial, that the court make a record showing other alternatives have been considered and rejected for sound reasons. No such showing has been made here.

In summary, while I recognize that the defense attorney was guilty of misconduct for failing to comply with ORS 135.835 and for telling witnesses not to talk to the prosecutor, I nevertheless conclude that the imposition of the sanction was reversible error because the record does

not support a finding that the state was prejudiced and because the trial court failed to demonstrate the necessity for the sanction imposed.[5] I also would hold that the trial court committed reversible error when it denied the defendant an opportunity to make an offer of proof on the excluded evidence.

---

[5] The majority concludes this result is contrary to *State v. Wolfe,* 273 Or 518, 542 P2d 482 (1975). I do not agree. In *State v. King,* 30 Or App 223, 230-31, 566 P2d 1204 (1977), *rev den* 281 Or 1 (1978), Chief Judge Schwab observed:

"The final question is whether the interpretation we here adopt of ORS 135.865—an interpretation we find compelled by the legislative history—is foreclosed by the Supreme Court's decision in *State v. Wolfe,* 273 Or 518, 524-25, 542 P2d 482 (1975), in which the court stated:

" 'The presence or absence of prejudice is a most important factor to be considered by the trial court in exercising the discretion conferred upon it by ORS 135.865 in the choice of sanctions, particularly in imposing the extreme sanction of refusing to receive in evidence the material not disclosed. The terms of the statute, however, do not appear to make the presence or absence of prejudice a necessary factor in the exercise of the discretion conferred by the statute in the choice of any of the sanctions to be imposed by its terms.'

"We are frankly uncertain of the intended meaning of this passage. The first sentence tells us prejudice is 'a most important factor' in the application of ORS 135.865. The second sentence seems to say that prejudice is not 'a necessary factor' in the application of ORS 135.865. In footnote 3 of its *Wolfe* opinion, the Supreme Court cited the legislative history we have quoted extensively above. We therefore infer the court was aware of the draftsmen's intent that: (1) the extent of prejudice was relevant to the selection of sanctions for breach of discovery duties; and (2) the imposition of sanction was to be subject to appellate supervision. Aware of this history, we cannot believe the Supreme Court intended to hold that the trial courts' discretion was so broad as to allow imposition of no sanction for a highly prejudical violation of the discovery statutes or so broad as to allow imposition of an extreme sanction for a technical, nonprejudicial violation of the discovery statutes. We therefore conclude that our present analysis of ORS 135.865 is consistent with *Wolfe.*"

I believe the majority has overruled *State v. King* and its progeny, *sub silentio. See State v. Dyson,* 52 Or App 833, 629 P2d 887 (1981); *State v. Sarratt,* 52 Or App 443, 628 P2d 752 (1981); *State v. Campbell,* 44 Or App 3, 604 P2d 1266, *rev den* 289 Or 71 (1980); *State v. McMahan,* 39 Or App 599, 592 P2d 1093 (1979); *State v. Peters,* 39 Or App 109, 591 P2d 761, *rev den* 287 Or 1 (1979); *State v. McKeen,* 33 Or App 343, 576 P2d 804 (1978); *State v. Graves,* 33 Or App 207, 575 P2d 1021 (1978); *State v. Warren,* 31 Or App 1121, 572 P2d 341 (1977); *State v. Mink,* 30 Or App 339, 341 n.1, 567 P2d 1033, *rev den* 280 Or 397 (1977); *State v. Addicks,* 28 Or App 663, 560 P2d 1095 (1977).

For these reasons, I respectfully dissent.[6]

Joseph, C.J., joins in this dissent.

---

[6] The requirement that the sanction must match the degree of prejudice applies only to sanctions specifically enumerated in the discovery statutes, and it does not restrict the trial court's contempt power or any other inherent power in the case of willfull, repeated or reckless failure to comply with the discovery statute even absent any actual prejudice to a litigant. *State v. Dyson,* 52 Or App 833, 836, 629 P2d 887 (1981). In addition, willful misconduct may subject any lawyer to professional discipline.