Submitted on record and briefs September 2, judgment vacated in part; remanded for resentencing October 27, 1982

## STATE OF OREGON,
*Respondent,*

*v.*

## BOBBY JOE SMITH,
*Appellant.*

(No. 81-1899, CA A23916)

652 P2d 882

Ronald K. Cox, Assistant Public Defender for Coos County, filed the brief for appellant.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

■ ■ Defendant appeals his conviction for second degree burglary. We address only the third assignment of error.[1]

Defendant was ordered to pay $40 restitution to the store owner, whose door he damaged and from whom he stole three jugs of wine, and to pay costs of $270 for court-appointed attorney fees. Defendant's presentence report indicates that he is "deficient in employment skills, reading and writing ability, and any other applicable skills that could make him a competitor on today's job market." He was 21 at the time of sentencing. He had dropped out of high school. He earns a $106 per month salary from the National Guard. He pays $50 per month rent and owes $1,200 to an insurance company.

The record fails to demonstrate that the trial court took into account defendant's financial resources and the burden that payment of restitution, ORS 137.106(2), and costs, ORS 161.665(2), would impose. In the absence of appropriate findings, that portion of the judgment imposing restitution and costs must be vacated. *State v. Barnes,* 58 Or App 516, 648 P2d 1306 (1982); *State v. Martin,* 56 Or App 639, 642 P2d 1196 (1982); *State v. Normile,* 52 Or App 33, 627 P2d 506 (1981).

That portion of the judgment imposing restitution and costs is vacated; remanded for resentencing.

---

[1] As to the first assignment of error, defendant's motion to suppress his admissions was properly denied. The police had reasonable suspicion to stop and inquire. ORS 131.615, and probable cause to arrest. ORS 133.310. *State v. Charmley,* 53 Or App 225, 227-29, 631 P2d 795 (1981); *State v. Schedler,* 47 Or App 181, 614 P2d 591 (1980). The trial court found that defendant understood the *Miranda* warnings. We are bound by that determination. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968).

The second assignment of error questions the propriety of a condition of probation that requires defendant to submit to warrantless searches of his person, residence and vehicle by his probation officer. The condition is reasonably related to the objectives of defendant's probation in view of his abuse of alcohol and occasional drug use. ORS 137.540(2)(L). *State v. Age,* 38 Or App 501, 510, 590 P2d 759 (1979).