Argued and submitted October 31, affirmed in part, reversed in part and remanded December 19, 1984

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT ALAN ARMSTRONG,
*Appellant.*

(76-3725; CA A31144)

692 P2d 699

Michael E. Swaim, Salem, argued the cause for appellant. With him on the brief was Swaim & Betterton, Salem.

Jeff Bennett, Assistant Attorney General, Salem, argued

the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Assistant Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

WARREN, J.

Defendant appeals his conviction of murder and from the sentence which imposed on him an obligation under ORS 161.665 to reimburse the state $30,270.90 for the costs of his prosecution. We affirm the conviction and remand for resentencing with regard to the imposition of costs.

■    Defendant argues that the court erred in denying his motion to suppress the testimony of the investigating police officers for the state's alleged failure to comply with ORS 135.815.[1] After incorporating them in their formal reports, the officers destroyed notes which they took during the investigation of the crime. An officer testified that it is the policy of the Eugene Police Department to have officers transcribe their field notes into original reports and to destroy the notes after making sure that all information from them is included in the reports. The district attorney did provide defendant with the relevant police reports, but defendant asserts that the failure to provide him with the notes violated ORS 135.815. This court has held consistently that officers' notes, the contents of which are included in reports, are not discoverable "statements." *State v. Peters,* 39 Or App 109, 591 P2d 761, *rev den* 287 Or 1 (1979); *State v. Morrison,* 33 Or App 9, 575 P2d 988 (1978); *State v. Bray,* 31 Or App 47, 569 P2d 688 (1977). There was no discovery violation.

■ ■    Defendant contends additionally that the state's refusal to produce the notes deprived him of liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution. *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), requires the state to disclose to a defendant exculpatory material in the prosecutor's possession. The burden is on a defendant to show a reasonable good faith belief that the evidence sought is favorable to him and material to his defense. *State v. Koennecke,* 274 Or 169, 179, 545 P2d 127 (1976). Defendant made no

---

[1] ORS 135.815 provides, in pertinent part:

"* * * [T]he district attorney shall disclose to the defendant the following material and information within his possession or control:

"(1) The names and addresses of persons whom he intends to call as witnesses at any state of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons."

showing that the notes contained exculpatory material, and the state's failure to produce them did not violate his rights under the federal Constitution.

■ Defendant contends in his second assignment that the court erred in imposing on him an ORS 161.665 obligation to reimburse the state for $30,270.90 in costs. At the time of his sentencing in December, 1976, ORS 161.665(3) required the court to find that the defendant "is or will be able to pay" the costs and to "take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose." The court sentenced defendant to life imprisonment and reasoned that, if he is paroled early, he should live long enough to pay the costs. The court erred in imposing costs on defendant without making the specific findings required by ORS 161.665(3). *State v. Smith,* 60 Or App 139, 652 P2d 882 (1982).

Affirmed in part; reversed in part; and remanded for resentencing as to costs of prosecution.