Argued and submitted August 17, 1984, affirmed February 27, 1985, appellant's reconsideration denied April 19, respondent's reconsideration denied May 31, both petitions for review denied June 18, 1985 (299 Or 313)

## STATE OF OREGON,
*Respondent,*

*v.*

## ROSS E. FRITZ,
*Appellant.*

(C2353; CA A31161)

695 P2d 972

Ralph G. Monson, Baker, argued the cause and filed the brief for appellant.

Christopher Kent, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr.,

Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

Warden, J., specially concurring.

## NEWMAN, J.

 Defendant appeals his conviction for waste of a game mammal, a class A misdemeanor. ORS 498.042(2); ORS 496.992(1). During an investigation, Officer Emerson of the Oregon Department of Fish and Wildlife interrogated defendant twice. Emerson made notes of defendant's statements to him. Subsequently he prepared a report from his notes for the district attorney.[1] Before trial, the district attorney gave defendant's attorney a copy of Emerson's report. Until his testimony at trial, Emerson did not disclose the existence of the notes to the district attorney or to defendant. Defendant then moved for a continuance and production of the notes for inspection. The court denied the motion. Defendant moved to strike Emerson's testimony. The court denied the motion. Defendant then moved for a mistrial. The court denied the motion. *See* ORS 135.865.[2] Defendant assigns as error that the court failed to impose sanctions on the state.[3] Although we conclude that the notes are discoverable, the court's refusal under the facts here to order sanctions was harmless, if it was wrong. Accordingly, we affirm.[4]

ORS 135.815(2) requires the district attorney to disclose to the defendant, if they are within his possession or control,

"any written or recorded statements *or memoranda of any oral statements made by the defendant,* or made by a codefendant if the trial is to be a joint one." (Emphasis supplied.)

Emerson's notes are "memoranda of * * * oral statements made by the defendant." They are discoverable.

The state, however, argues that *State v. Haynes,* 49

---

[1] The record does not disclose whether the notes still existed at the time of trial.

[2] ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

[3] Defendant raises no constitutional issues.

[4] Contrary to one of defendant's contentions, OEC 612 is not applicable. It governs production of a writing "if a witness uses a writing to refresh memory for the purpose of testifying * * *." Emerson did not consult his original notes to refresh his memory before testifying.

Or App 89, 619 P2d 889 (1980), controls and that the notes are not discoverable under ORS 135.815(2). *Haynes,* however, does not control. There, a police detective prepared a "chart" during interrogation of the defendant. The chart was a large sheet of paper on which the detective wrote "elements" of the events which the defendant recalled. He did not record her exact words, but wrote brief paraphrases of her statements. He used the "chart" in an attempt to jog her memory. He then prepared a report based on his memory and the chart and destroyed the chart. The state gave the report to the defendant before trial. The trial court held that the chart was discoverable but that, nonetheless, the defendant was not prejudiced by its destruction. This court affirmed but held that the chart was not discoverable. Our ruling was:

> "[T]he court was in error in concluding that the [chart] was discoverable. *See State v. Morrison,* 33 Or App 9, 575 P2d 988 (1978)." *State v. Haynes, supra,* 49 Or App at 99.

*Morrison* arose under ORS 135.815(1), which requires the state to disclose to the defendant, if within the prosecutor's possession or control

> "[t]he names and addresses of persons whom he intends to call as *witnesses* at any state of the trial, together with their relevant *written* or recorded *statements* or memoranda of any oral statements of such persons." (Emphasis supplied.)

There a police informer made notes concerning the contacts he had made with drug sellers. Later he prepared a letter to the district attorney from his notes and then lost or destroyed them. The district attorney disclosed the letter to the defendant, but not the notes. *Morrison* held that the notes of the informer, a witness, were not a "written statement" within ORS 135.815(1). It relied on other Oregon cases that interpreted the words "written statements" of a witness in ORS 135.815(1). *See State v. Jackson,* 31 Or App 645, 650, 571 P2d 523 (1977), *rev den* 281 Or 323 (1978); *State v. Bray,* 31 Or App 47, 50, 569 P2d 688 (1977); *see also State v. Armstrong,* 71 Or App 467, 692 P2d 699 (1984); *State v. McKeen,* 33 Or App 343, 576 P2d 804 (1978).

By citing *Morrison* in *Haynes,* the court showed that it did not consider that the chart was a memorandum of any oral statement of the defendant under ORS 135.815(2). Moreover, by holding that the chart was not discoverable and citing

*Morrison,* the court also showed that it considered ORS 135.815(1) to be applicable, but that the chart was neither a written nor recorded statement nor a memorandum of an oral statement of a witness—the police detective.[5] Here, however, Emerson's notes are "memoranda of * * * oral statements. made by the defendant" to which ORS 135.815(2) is applicable.

Although Emerson's notes were discoverable, the court's refusal to grant a continuance, strike his testimony or grant a mistrial does not require reversal. Defendant testified to what he recalled he had told Emerson, including the substance of the statements that he asserts Emerson's report omitted. Emerson confirmed defendant's testimony. Contrary to defendant's assertion, there was no discrepancy between defendant and the state as to what defendant told Emerson. ORS 135.865 provides that the court has discretion to make "such other order as it considers appropriate." Under the facts here, its orders denying defendant's motions were harmless, if they were wrong.

Affirmed.

**WARDEN, J.,** specially concurring.

Defendant's only assignment of error is the failure of the trial court to impose sanctions for lack of discovery. The majority concludes that that was harmless, if it was error. I agree that it was harmless and, therefore, see no need to address the application of ORS 135.815 or to discuss the meaning of *State v. Haynes,* 49 Or App 89, 619 P2d 889 (1980),

---

[5] *See also* Osburn, "Pretrial Discovery Under the Oregon Criminal Procedure Code," 10 Will L J 145, 153 (1974):

"A significant departure from the ABA Standards is made with respect to memoranda of witness statements. Section 2.1 of the ABA Standards requires only the 'relevant written or recorded statements' and not memoranda of oral statements. The provision for memoranda of oral statements was added by the Criminal Law Revision Subcommittee because interviews by police officers, attorneys and investigators frequently do not contain written or recorded statements, but contain merely interview summaries.

"Section 214(2) and (4)(b) retain the substance of former ORS 133.755 for disclosure of written or recorded statements made by defendant or of property obtained from or belonging to the defendant. Subsection (2) adds memoranda of oral statements made by the defendant * * *."

or *State v. Morrison,* 33 Or App 9, 575 P2d 988 (1978). Accordingly, I specially concur.