Argued and submitted August 25, reversed and remanded December 4, 1986

## BRUCE DOUGLAS STEFFANS,
*Appellant,*

*v.*

## KEENEY,
*Respondent.*

(85-0638; CA A39195)

728 P2d 948

Doug Vande Griend, Salem, argued the cause and filed the brief for appellant.

Robert Jackson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, James E. Mountain, Jr. Solicitor General and Scott McAlister, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a post-conviction proceeding. ORS 138.510 *et seq.* Petitioner contends that the post-conviction court erred in granting defendant's motion for summary judgment. The issue is whether petitioner was denied the effective assistance of trial and appellate counsel in the underlying cases.[1] Because petitioner is the party opposing defendant's motion for summary judgment, we examine the record in the light most favorable to him. *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978).

In 1983, petitioner was on probation in Multnomah County Circuit Court cases C81-09-34213, C82-03-34304 and C83-03-34309. As a condition of probation in those cases, he had been ordered to pay restitution to the victims of those crimes. He did not do so. Subsequently, he committed a new crime, which resulted in his being charged in case C83-05-32305. He pled guilty to that new crime. Sentencing on the new crime and a hearing on an order to show cause why probation on his three earlier cases should not be revoked were consolidated for hearing. His probation in the three earlier cases was revoked, and he was sentenced in those cases to the custody of the Corrections Division for concurrent five year terms of imprisonment with a minimum of two years. On the new crime, he was sentenced to the custody of the Corrections Division for a five year term with a minimum of two and one-half years; execution of that sentence was suspended, and he was placed on five years probation.[2] The court ordered that he pay restitution and costs and, additionally, that he pay the restitution previously ordered as a condition of probation in the three earlier cases, all as conditions of probation in the new case.

Petitioner's petition for post-conviction relief first alleges ineffective assistance of trial counsel[3] in that counsel failed to object when restitution and costs were ordered

---

[1] The right to effective assistance of counsel is a corollary of the general right to counsel. *See Strickland v. Washington,* 466 US 668, 686, 104 S Ct 2052, 80 L Ed 2d 674 (1984); *Krummacher v. Gierloff,* 290 Or 867, 627 P2d 458 (1981).

[2] Apparently, the trial court's intent was to insure that petitioner would be under supervision after his release from prison.

[3] Petitioner was represented by two court-appointed attorneys at the sentencing hearing, one on the new crime and the other on the probation revocation question.

without the specific findings required by ORS 137.106(2) and ORS 161.665(3) having been made by the trial court.[4] It also alleges ineffective assistance of trial counsel in that counsel should have objected when the trial court ordered that, in the new case, petitioner pay the restitution previously ordered in the three earlier cases as a condition of probation. Petitioner argues that the imposition of restitution and costs in those cases was "invalid" and that the condition of probation was not reasonably related to the new conviction or to the needs of effective probation.[5] The petition also alleges that petitioner's appellate counsel was ineffective in failing to assign as error the defects noted above.

At the time when petitioner was sentenced, the requirement for specific findings as to restitution and costs was mandated by statute. ORS 137.106(2); ORS 161.665(3); *see State v. Armstrong,* 71 Or App 467, 692 P2d 699 (1984); *State v. Smith,* 60 Or App 139, 652 P2d 882 (1982); *State v. Huyck,* 49 Or App 1087, 621 P2d 98 (1980). So far as the record shows, petitioner stood before the trial court unemployed and

---

[4] ORS 137.106(2) provides:

"In determining whether to order restitution which is complete, partial or nominal, the court *shall* take into account:

"(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard to the other obligations of the defendant;

"(b) The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; and

"(c) The rehabilitative effect on the defendant of the payment of restitution and the method of payment." (Emphasis supplied.)

ORS 161.665(3) provides:

"The court shall not sentence a defendant to pay costs unless the defendant is or may be able to pay them. In determining the amount and method of payment of costs, the court *shall* take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose." (Emphasis supplied.)

[5] *See State v. Martin,* 282 Or 583, 588-89, 580 P2d 536 (1978); *State v. Sprague,* 52 Or App 1063, 629 P2d 1326, *rev den* 291 Or 514 (1981).

"Restitution is an effective rehabilitative penalty because it forces the defendant to confront, in concrete terms, the harm his actions have caused. Such a penalty will affect the defendant differently than a traditional fine, paid to the State as an abstract and impersonal entity, and often calculated without regard to the harm the defendant has caused. Similarly, the direct relation between the harm and the punishment gives restitution a more precise deterrent effect than a traditional fine." *Kelly v. Robinson,* ___ US ___, ___ n 10, 107 S Ct 353, 360 N 10, 93 L Ed 2d 216 (55 USLW 4011) (November 12, 1986).

indigent. In essence, trial counsel told the court that, *if* petitioner was continued on probation or sentenced to work-release, he might be able to get a job and pay restitution. However, his probation was revoked, and he was sentenced to prison. The trial court was silent about how it expected him to pay restitution and costs in the new case in view of the disposition of his earlier cases.

■    The state's argument that petitioner "volunteered to pay restitution in an attempt to get the execution of the sentences imposed upon [him] suspended and have him placed on probation" must be examined in context. He only agreed to pay *if* he was continued on probation or sentenced to work-release and could get a job. Counsel should have objected to the orders for restitution and costs when the trial court sentenced petitioner to the custody of the Corrections Division for long-term imprisonment. Counsels' failure to object prejudiced petitioner's cases. But for the failure, it is reasonably probable that the result of the proceedings would have been different. Therefore, the post-conviction court erred in granting defendant's motion for summary judgment.

■    In the points and authorities attached to defendant's motion for summary judgment in this proceeding, the state did not even address the second major element of petitioner's claim for post-conviction relief, *i.e.,* that the trial counsel were ineffective in failing to object when the trial court ordered that petitioner pay the restitution previously ordered in his three earlier cases as a condition of probation in the new case. The record before this court does not reveal the precise relationship, if any, between the condition of probation on the new conviction and the payment of restitution and costs in the three earlier convictions. Petitioner argues that there is none. Viewing the record in the light most favorable to petitioner, we conclude that the post-conviction court also erred in granting defendant summary judgment on that element of petitioner's claim.[6]

Reversed and remanded.

---

[6] Petitioner's argument that the imposition of restitution and costs in the three earlier cases was somehow "invalid," *ab initio,* lacks merit. No appeal was taken in those cases, and petitioner has not shown in this proceeding why those conditions of probation are invalid.