*[323]
 
 RICHARDSON, J.
 

 Defendant appeals his conviction for driving under the influence of intoxicating liquor under the former ORS 483.992(2)
 
 [1]
 
 In October 1976, the district court granted defendant’s pretrial motion suppressing his admissions that he was driving the motor vehicle. The state appealed this ruling to the circuit court which reversed the holding of the district court and remanded the case for trial.
 
 [2]
 
 In March of 1977, defendant was convicted in the district court by jury verdict. The sole claim of error is that his admissions of driving should not have been considered by the jury because there was no independent evidence that a crime had been committed as required by ORS 136.425.
 

 The facts are in dispute; however, viewing the evidence in a light most favorable to the state, we can discern the following occurred. An Oregon State Police officer, while on patrol in the city of Portland, saw a vehicle on a lawn just off of a public street. There was two to three inches of snow on the street and the lawn. Tire tracks in the snow led from the street up to the vehicle. The defendant and two other persons were near the front of the vehicle which had a flat tire. The hood of the car was still warm. Defendant was trying to make the jack work in order to change the tire. The car was owned by defendant. The officer had been by this location approximately one-half hour earlier and the car was not there at that time.
 

 The officer inquired of defendant what the problem was, defendant replied he drove the car up on the lawn to change the tire. Since he could not get the jack to operate the defendant requested that the officer call a tow truck, which was done. The officer concluded from
 
 *[324]
 
 talking to the def endant and observing his movements that he was under the influence of intoxicating liquor. The defendant became belligerent, upset and antagonistic toward the officer. He then said he didn’t want a tow truck since he put the car up there he could get it off. The defendant testified at trial that a third person who left before the police arrived had driven the vehicle up on the lawn.
 

 Regarding admissions of a defendant, ORS 136.425(1) provides, in material part:
 

 "* * * nor is a confession only sufficient to warrant his conviction without some other proof that the crime had been committed.”
 

 The Oregon Supreme Court interpreted this statute in
 
 State of Oregon v. Watts,
 
 208 Or 407, 301 P2d 1035 (1956):
 

 "* * * Under this statute it is necessary that the
 
 corpus delicti
 
 be proven
 
 aliunde
 
 the confession; that is, the evidence must show the commission of the crime independent of the declarations of the accused. * * * It is, therefore, clear that, while the confession may be used to show who perpetrated a crime, it must first be legally shown that a crime was committed.”
 

 ORS 136.425 does not control the admissibility of defendant’s statements or affect their status as evidence in the case. The section provides, if the state depends upon the admissions, they do not suffice for conviction "without some other proof.” If the admissions are corroborated they may be considered and weighed by the jury in determining the defendant’s guilt.
 
 State v. Wm. Lester Schleigh,
 
 210 Or 155, 310 P2d 341 (1957). The "other proof” need not identify the defendant as the guilty person, but must indicate that the crime has been committed.
 
 State v. Paquin,
 
 229 Or 555, 368 P2d 85 (1962).
 

 The
 
 corpus delicti
 
 may be established, the same as any other fact in issue, by direct or circumstantial evidence.
 
 State of Oregon v. Watts, supra.
 
 The Supreme Court in
 
 Watts,
 
 discussed the quality of circumstantial evidence necessary to establish the
 
 *[325]
 

 corpus delicti
 
 and concluded such evidence must be unequivocal, clear, cogent and convincing. The Supreme Court derived this rule regarding circumstantial evidence of the
 
 corpus delicti ir ora
 
 an anlaysis of the traditional circumstantial evidence rule to the effect that where circumstantial evidence is relied upon it must be of a cogent and convincing nature and exclude every reasonable hypothesis of innocence. This traditional rule regarding the quality of circumstantial evidence has been largely repudiated by the Supreme Court in
 
 State v. Krummacher
 
 269 Or 125, 523 P2d 1009 (1974). There the court concluded that circumstantial evidence, like direct evidence, must indicate guilt to the extent that there is no reasonable doubt of that conclusion. In essence, circumstantial and direct evidence is to be analyzed the same in determining its sufficiency to establish a disputed issue. If the Supreme Court were faced with reevaluating the rule of circumstantial evidence set forth in
 
 State of Oregon v. Watts, supra,
 
 we conclude that rule would be changed consistent with
 
 State v. Krummacher, supra.
 
 It would be inconsistent to require more from circumstantial evidence to establish the
 
 corpus delicti
 
 than is required to establish guilt beyond a reasonable doubt.
 

 In this case the evidence, aside from defendant’s admission that he was driving, was circumstantial. The essence of defendant’s argument is the "other proof” must establish someone drove the vehicle under the influence of intoxicating liquor before the jury can consider his incriminating statements that he was the driver. Since, he contends, there were three people around the car when the officer approached, the circumstantial evidence that defendant was the driver is not clear, cogent, unequivocal or convincing. Concededly the evidence does not exclude every reasonable hypothesis consistent with defendant not driving the car, however, as we view the
 
 Krummacher
 
 rule regarding circumstantial evidence, it is sufficient to establish the
 
 corpus delicti.
 
 The vehicle had been
 
 *[326]
 
 recently driven on a public street as indicated by the tire tracks in the snow and the fact the vehicle was not in that location one-half hour earlier. The hood of the vehicle was still warm. Defendant was the registered owner of the car and indicated control of the vehicle and the situation in asking the officer for a tow and working with the jack to change the flat tire. The other two individuals were simply standing by the car; they said nothing and left the scene when defendant was arrested. In addition there was substantial evidence defendant was under the influence of intoxicating liquor.
 
 See, State v. Brown,
 
 5 Or App 412, 485 P2d 444 (1971).
 

 Affirmed.
 

 [1]
 

 This section was replaced by ORS 487.540, which became effective July 1, 1976. The offense for which defendant was arrested occurred December 13, 1975.
 

 [2]
 

 Prior to January 1,1977, appeals from the district court were heard by the circuit court. As of that date appeals from the district court are heard by the Court of Appeals. Oregon Laws 1975, ch 611.