Argued and submitted October 15, 1979, reversed and remanded
for trial January 14, reconsideration denied February 26,
petition for review denied April 22, 1980 (289 Or 71)

## STATE OF OREGON,
*Appellant,*

*v.*

## TERRY DELAINE CAMPBELL,
*Respondent.*

(No. 78-38186, CA 14329)

604 P2d 1266

[3]

Edward I. Hagen, Jr., Assistant District Attorney, Eugene, argued the cause for appellant. With him on the brief was Pat Horton, District Attorney, Eugene.

David J. Phillips, Public Defender Services of Lane County, Inc., Eugene, argued the cause for respondent. On the brief was Ross M. Shepard, Eugene.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

Defendant was charged with the traffic infraction of driving under the influence of intoxicants. ORS 487.540. This is an appeal by the state challenging the sanction imposed after an omnibus hearing for a violation of the discovery statutes. ORS 135.815.

The state assigns as error the following: (1) the trial court's ruling excluding the testimony of an officer as a sanction for loss of that officer's report relating to the initial stop of defendant, and (2) the court's holding that the state's evidence was insufficient to corroborate defendant's statement that he was driving. With this evidence excluded, the trial court held the state's remaining evidence insufficient to prove defendant's guilt beyond a reasonable doubt and entered a judgment of acquittal.[1] We reverse.

The essential facts are as follows:

Defendant was stopped by Deputy Hudson for erratic driving. Another officer, Deputy Sombart, arrived at the scene a few minutes later. When Sombart arrived, defendant was standing behind the pickup truck and a second person was seated on the passenger side. He did not actually see defendant drive the vehicle. Defendant admitted to Sombart that he had been driving and indicated his destination. The truck was parked on the shoulder of a public highway and had not been there when Sombart drove past the point ten minutes earlier. Defendant was the registered owner of the truck. He was treated by Sombart as the driver and made no indication he had not been driving.

Deputy Hudson turned the investigation over to Deputy Sombart. Hudson prepared a full report, which

---

[1] This appeal is, in substance, an appeal from " * * * an order made prior to trial suppressing evidence" (ORS 138.060(3)) (Officer Hudson's testimony and defendant's statements) entered after an omnibus hearing. The order is appealable. The trial court, without consent or stipulation of the parties, entered a further "judgment of acquittal." Defendant moved to dismiss this appeal on the ground that such judgment was not appealable. We rejected this motion on July 20, 1979.

was subsequently lost and unavailable for discovery. The trial court suppressed the entire testimony of Officer Hudson for violating the discovery statute. ORS 135.865.

The state made an offer of proof of the facts stated above, and the trial court found:

"The evidence and stipulations, viewed in the light most favorable to the State, and independent of Defendant's admission that he was driving the vehicle, does not establish beyond a reasonable doubt that the Defendant was driving the vehicle while under the influence of intoxicants."

The court entered a conclusion of law:

"Because of the unique nature of the offense of driving under the influence of intoxicants, the State must not only establish independently of Defendant's admission that the offense of driving under the influence of intoxicants has been committed, but that it has been committed by the Defendant."

## SUPPRESSION OF OFFICER HUDSON'S TESTIMONY

ORS 135.865 permits a number of sanctions for violations of discovery statutes,[2] including suppression of a witness' testimony. As we held in *State v. King,* 30 Or App 223, 228, 566 P2d 1204 (1977), *rev den* 281 Or 1 (1978), exclusion of evidence is appropriate only where the violation substantially prejudices the other party in preparing its case for trial and no less severe sanction will obviate the prejudice. The state concedes that loss of the report arguably prejudiced defendant by restricting his ability to cross-examine and impeach Officer Hudson. The state, therefore, offered to limit Hudson's testimony to the fact that defendant was driving.

[2] ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

The identity of the driver of a vehicle is less susceptible to an observer's misperception or erroneous judgment than, for example, the manner in which a person was driving a car.[3] Consequently, the chance the lost report might contain discrepancies useful for impeachment is slight. The degree of speculation required to find prejudice, in light of the other evidence that defendant was driving, leads us to conclude that suppression of the testimony as to the fact of driving was error. *State v. Peters,* 39 Or App 109, 113-14, 591 P2d 761, *rev den* 287 Or 1 (1979). *Compare State v. Johnson,* 26 Or App 651, 554 P2d 624, *rev den* (1976) (where the reports destroyed were complete accounts by an undercover agent of the circumstances of a series of heroin buys "adequate * * * to form the basis for initiating prosecution." 26 Or App at 658 (Schwab, C. J., concurring opinion).)

## CORROBORATION OF DEFENDANT'S ADMISSIONS

ORS 136.425(1) provides in part that a defendant's confession shall not alone be " * * * sufficient to warrant his conviction without some other proof that the crime has been committed." Defendant contends, and the trial court agreed, that proof of driving under the influence of intoxicants requires "other proof" of the identity of the driver as well as of the substantive elements of the infraction itself.[4] We need not specifically decide the point, however, because we find the evidence here sufficient to corroborate defendant's admission of driving. Aside from Officer Hudson's direct corroboration which will be available to the state on remand, Officer Sombart's testimony that the vehicle had been recently driven, that defendant was the

---

[3] Defendant did not challenge the propriety of the stop and, with respect to the finding of prejudice, defendant argued only that "[t]he fact that the defendant was driving the vehicle *may very well have been in dispute.*" (Emphasis supplied.)

[4] This ruling appears inconsistent with language in *State v. Smith,* 31 Or App 321, 324, 570 P2d 409 (1977):

"* * * The 'other proof' need not identify the defendant as the guilty person, but must indicate that the crime has been committed. *State v. Paquin,* 229 Or 555, 368 P2d 85 (1962)."

registered owner of the truck and that he raised no objection to Sombart's assumption that he was the driver constitutes sufficient circumstantial corroboration of defendant's admissions to permit a jury to consider them. *State v. Smith,* 31 Or App 321, 325-26, 570 P2d 409 (1977).

Reversed and remanded for trial.