Argued and submitted November 3, decision of Court of Appeals reversed, order by trial court affirmed December 2, 1981

STATE OF OREGON,
*Respondent on Review,*
*v.*
THOMAS WAYNE DYSON,
*Petitioner on Review.*

(No. D1-8347, CA 19853, SC 27960)

636 P2d 961

Elizabeth A. Baldwin, Staff Attorney for Public Defender for Lane County, Eugene, argued the cause and filed the petition and brief for petitioner on review.

Frank Papagni, Jr., Assistant District Attorney for Lane County, Eugene, argued the cause for respondent on review. On the brief was J. Pat Horton, District Attorney for Lane County, and Alexander A. Wold, Jr., Assistant District Attorney for Lane County, Eugene.

TONGUE, J.

## TONGUE, J.

The state appealed to the Court of Appeals from an order by a trial court allowing defendant's motion under ORS 135.865[1] to exclude testimony of all state's witnesses upon the ground that the state had not complied with defendant's request for discovery by providing defendant with the names of the state's witnesses and their written statements as required by ORS 135.815.[2] The Court of Appeals reversed that order by the trial court, holding that under its previous decisions[3] "exclusion of evidence is appropriate only where the violations substantially prejudice the other party in preparing its case for trial and no less severe sanction will obviate the prejudice." 52 Or App 833, 836, 629 P2d 887 (1981). We allowed defendant's petition for review because of our concern that this holding by that court may be contrary to the holding by this court in *State v. Wolfe*, 273 Or 518, 542 P2d 482 (1975).

### The Facts.

On October 27, 1979, defendant was riding as a passenger in a pickup truck being driven by another person when the truck was stopped by two state police officers, who cited both defendant and, presumably, the driver for

---

[1] ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court may order the violating party to permit inspection of the material, or grant a continuance, or refuse to permit the witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate."

[2] ORS 135.815 provides, in part, as follows:

"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within his possession or control:

"(1) The names and addresses of persons whom he intends to call as witnesses at any state of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons.

"(2) Any written or recorded statements or memoranda of any oral statements made by the defendant, or made by a codefendant if the trial is to be a joint one.

"* * * * *"

[3] *State v. King*, 30 Or App 223, 228, 566 P2d 1204 (1977), *rev den* 281 Or 1 (1978), and *State v. Campbell*, 44 Or App 3, 6, 604 P2d 1266 (1980), *rev den* 289 Or 71 (1980).

"illegal possession of doe deer," a Class A misdemeanor (ORS 496.162(2)(a) and ORS 496.992).

The facts relating to defendant's subsequent request for discovery under ORS 135.815 and the conduct of the District Attorney pursuant to that request are set forth in the following findings by the trial court as the basis for its order that the state not be permitted to call as witnesses the two state police officers and one other witness:

"1.   That the defendant, through Counsel, requested discovery in this case by a letter dated June 20, 1980, and directed to the District Attorney;

"2.   That there was no response by the District Attorney's Office to Defendant's discovery letter until at least January 2, 1981;

"3.   That Counsel for the defense made telephone inquiry to the prosecutor's office regarding discovery on December 19, 1980, and that Counsel's telephone call was not returned;

"4.   That at Docket Call on December 22, 1980, the State reported ready for trial, but the defendant indicated that he was not ready because he did not have any discovery at all, and that to this representation by the defendant the State replied that it did not have the discovery material either;

"5.   That at Docket Call the Court then directed that the State provide discovery to the defendant by noon on Friday, December 26, 1980;

"6.   That the day following Docket Call, December 23, 1980, the District Attorney informed the Court by letter that it was having difficulty complying with the deadline imposed by the Court because one of the State troopers involved in the case was on vacation;

"7.   That on January 2, 1981, the defense attorney received partial discovery, and that the defense attorney received additional new discovery on January 5, 1981;

"8.   And that it has been shown that defense counsel and the defendant have had some difficulty communicating effectively as to the late discovery materials because the defendant resides out of this County, and that defense counsel is uncertain as to whether a Motion to Suppress would be appropriate due to the late discovery and the trial date scheduled for January 9, 1981; * * *."

It also appears that at that time the trial court made the following statement:

"I want to make it very clear, that I deem her motions to be most well-founded indeed in all particulars, Mr. Wold. I do not read them as being at all frivolous given your history *of non-compliance with court rules and court directives.* Her motion is very well taken."

**The trial court properly excluded the testimony of the state's witnesses for failure by the state to disclose their names and statements on defendant's request until four days before trial.**

ORS 135.815 provides that:

"Except as otherwise provided in ORS 135.855 and 135.873, the district attorney shall disclose to the defendant the following material and information within his possession or control:

"(1) The names and addresses of persons whom he intends to call as witnesses at any state of the trial, together with their relevant written or recorded statements or memoranda of any oral statements of such persons."

ORS 135.845(1) provides that:

"The obligations to disclose shall be performed as soon as practicable following the filing of an indictment or information in the circuit court or the filing of a complaint charging a misdemeanor or violation of a city ordinance. The court may supervise the exercise of discovery to the extent necessary to ensure that it proceeds properly and expeditiously."

ORS 135.865 provides:

"Upon being apprised of any breach of the duty imposed by the provisions of ORS 135.805 to 135.873, the court *may* order the violating party to permit inspection of the material, or grant a continuance, or *refuse to permit the witness to testify,* or *refuse to receive in evidence the material not disclosed,* or enter such other order as it considers appropriate." (Emphasis added)

In *State v. Wolfe,* 273 Or 518, 524-25, 542 P2d 482 (1975), this court held that:

"By the terms of ORS 135.865, broad discretion is conferred upon the trial court in the choice of sanctions to be imposed in the event of a failure to disclose the names of witnesses in a criminal case, contrary to the provisions of ORS 135.835 and 135.845. * * *

"* * * * *

"The presence or absence of prejudice is a most important factor to be considered by the trial court in exercising the discretion conferred upon it by ORS 135.865 in the choice of sanctions, particularly in imposing the extreme sanction of refusing to receive in evidence the material not disclosed. The terms of the statute, however, do not appear to make the presence or absence of prejudice a necessary factor in the exercise of the discretion conferred by the statute in the choice of any of the sanctions to be imposed by its terms."[4]

In so holding, we examined the history of ORS 135.865 and noted that:

"ORS 135.865, which provides sanctions for failure to comply with statutory discovery provisions, appears to be based upon provisions included in Rule 16(g) of the Federal Rules of Criminal Procedure, 18 USCA 16(g). It is of interest to note, however, that § 4.7 of the American Bar Association 'Standards Relating to Discovery and Procedure Before Trial' (1970), which was also based upon provisions of Rule 16(g), does not specifically include the 'preclusion sanction.' Specific reference to that sanction was intentionally omitted by the ABA Committee because 'some members of the Committee thought there would be difficulties in applying it against accused persons, and unfairness if the sanction was applied only against the prosecution.' ABA Standards, *supra,* Commentary at 107." (273 Or at 525 n. 3)

In *State v. King,* 30 Or App 223, 230, 566 P2d 1204 (1977), *rev den* 281 Or 1 (1978), the Court of Appeals held that:

"* * * no sanction for violation of the discovery statutes is warranted when the violation causes no prejudice in the preparation of the case for trial."

---

[4] In so holding, we recognized that:

"* * * a possible problem may arise in the event that a defendant contends that to impose the sanction of refusing to permit a witness called by him to testify would violate his rights under the Sixth Amendment of the Constitution of the United States which provides that 'in all criminal prosecutions, the accused shall * * * have compulsory process for obtaining witnesses in his favor * * *.'"

"We need not decide that question in this case, however, because defendant made no contention that any of his constitutional rights were violated, either on trial, in the Court of Appeals, or in this court." (273 Or at 525-26)

As the basis for that holding, the Court of Appeals also examined the legislative history of ORS 135.865 and then said as follows:

"In footnote 3 of its *Wolfe* opinion, the Supreme Court cited the legislative history we have quoted extensively above. We therefore infer the court was aware of the draftsmen's intent that: (1) the extent of prejudice was relevant to the selection of sanctions for breach of discovery duties; and (2) the imposition of sanction was to be subject to appellate supervision. Aware of this history, we cannot believe the Supreme Court intended to hold that the trial courts' discretion was so broad as to allow imposition of no sanction for a highly prejudicial violation of the discovery statutes or so broad as to allow imposition of an extreme sanction for a technical, nonprejudicial violation of the discovery statutes. We therefore conclude that our present analysis of ORS 135.865 is consistent with *Wolfe.*" (30 Or App at 231)

That holding by the Court of Appeals was reaffirmed by it in *State v. Campbell,* 44 Or App 3, 6, 604 P2d 1266 (1980), *rev den* 289 Or 71 (1980), in holding that:

"As we held in *State v. King,* 30 Or App 223, 228, 566 P2d 1204 (1977), *rev den* 281 Or 1 (1978), exclusion of evidence is appropriate only where the violation substantially prejudices the other party in preparing its case for trial and no less severe sanction will obviate the prejudice."

■ In view of these holdings by the Court of Appeals, we have re-examined the legislative history of ORS 135.865, paying particular attention to the following: the Commentary on the Proposed Oregon Criminal Procedure Code, Final Draft and Report, November 1972;[5] the minutes of the meetings of March 16, 1972, and June 2, 1972, of

---

[5] The Commentary on the Proposed Oregon Criminal Procedure Code, at 190, states that section 327 (ORS 135.865) was "derived from" § 4.7 of the American Bar Association "Standards Relating to Discovery and Procedure Before Trial" (1970). The ABA Commentary to § 4.7 of the ABA Standards (at 107) explains that § 4.7 "was adapted from Fed. R. Crim. P. 16(g) (1966)" and cites the following Commentary upon that rule's sanctions and application thereof as "especially cogent":

"[The rule] gives wide discretion to the court in dealing with the failure of either party to comply with a discovery order. Such discretion will permit the court to consider the reasons why disclosure was not made, *the extent of the prejudice, if any,* to the opposing party, the feasibility of rectifying that prejudice by a continuance, and any other relevant circumstances. 39 FRD at 178 (1966)." (Emphasis added)

Subcommittee 3 of the Criminal Law Revision Commission;[6] and the minutes of the Senate Judiciary Committee hearings of February 21, 1973, and March 19, 1973, on the

The ABA Commentary further explains (at 107) that Rule 16(g):

> "* * * contains one provision that the Committee intentionally omitted — that the court might 'prohibit the party from introducing in evidence the material not disclosed.'"

ORS 135.865 specifically provides for the exclusion of testimony and other evidence (among other sanctions) for noncompliance with discovery requirements. Thus, because ORS 135.865 is derived from ABA Standard § 4.7 which, in turn, is adapted from Federal Rule 16(g) (1966), and because ORS 135.865 contains the exclusion sanction provided in Federal Rule 16(g) and rejected by the ABA Standards, it is reasonable to conclude that in applying the sanctions of ORS 135.865 the court may, in the language of the Commentary upon Rule 16(g):

> "* * * consider the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance and any other relevant circumstances." 39 FRD at 178 (1966).

[6] Following its discussion of Preliminary Draft No. 1 at its March 16, 1972, meeting, the members of Subcommittee 3 of the Criminal Law Review Commission were dissatisfied with that draft and requested the Attorney General to submit a new draft of pretrial discovery procedures. Minutes, Subcommittee 3, Criminal Revision Commission, 10-14, March 16, 1972. The requested draft was submitted and considered by the subcommittee at its June 2, 1972, meeting and included the following provision:

> "Upon being apprised of any breach of the duty imposed by the provisions of this Article the court may order the violating party to permit inspection of the additional property or grant a continuance, *or refuse to receive such property in evidence, or enter such other order as it considers appropriate.*" Minutes, Subcommittee 3, App. A, Section 6(2), June 2, 1972. (Emphasis added)

After noting that this section "is the teeth" of the discovery provisions, Chairman Burns suggested the addition of the option of refusing "to permit such witness to testify." Chairman Burns then referred to and quoted from Federal Rule 16(g) and noted the exclusion provisions of the New York Code, which a participant then present observed to be "basically the same as the existing Federal Rule." The members of the subcommittee agreed that the sanction provision "ought to say specifically, 'refuse to permit such witness to testify, or refuse to receive such material into evidence.'" Hearings, Subcommittee 3, Tape 9, Side 2, June 2, 1972. Accordingly, the proposed section was amended to include the following language:

> "* * * or grant a continuance, or refuse to permit such witness to testify, or refuse to receive in evidence the material not disclosed, or enter such other order as it considers appropriate." Minutes, Subcommittee 3, at 28, June 2, 1972.

It is significant that the exclusion sanctions were added to the proposed section without adding a requirement that "substantial prejudice" be established before a court might invoke such sanctions. With the exception of the word "such," for which "the" was later substituted, the subcommittee's amendments to the draft became what are now the exclusion sanctions provided for under ORS 135.865.

Proposed Code.[7] These sources together, in the words of John W. Osburn, who participated in drafting the pretrial discovery provisions of the Proposed Code, provide "[t]he most complete and authoritative legislative history of Article XI [ORS 135.805 through ORS 135.873] * * *." Osburn, *Pretrial Discovery Under the Oregon Criminal Procedure Code*, 10 Will. L.J. 145, 149 (1974). From this examination, we find no indication of a legislative intent to limit the imposition of the sanctions of ORS 135.865 to cases in which noncompliance with discovery requirements is shown to cause prejudice or, more specifically, to require a showing that such a violation has caused "substantial prejudice" to the other party before a court may exclude undisclosed evidence.

-----

[7] The minutes of February 21, 1973, recording the Hearings on SB 80 Before Senate Judiciary Comm., 57th Or. Leg. Ass. Reg. Sess., 1973 [Senate Hearings on SB 80], establish that the legislators were aware of the availability to a trial court of the option of exclusion for noncompliance with discovery requirements and that the provisions required no special showing in addition to that which may be required to invoke the other sanctions in order to exercise that option and thereby exclude nondisclosed evidence. The following are exerpts from those minutes:

"CHAIRMAN BROWNE called for other questions of Mr. Sepenuk.

"SENATOR ROBERT SMITH asked a question about the language in the Article which provides that 'the district attorney shall submit anything that he intends to bring before the court'. He asked Mr. Sepenuk what would happen in the event that the district attorney used evidence that he had not disclosed previously. MR. SEPENUK said that he would interpret the statute to mean simply any evidence that was used at the trial must be shown to the defense in advance or it wouldn't be accepted. *Unless the government could show that the evidence became available at the last moment, he maintained that it should not be accepted.* [Senate Hearings on SB 80, p 2.]
"* * * * *

"MR. OSBURN: Madame Chairman, I am John Osburn, Solicitor General for the Department of Justice. I served for three years as a Deputy District Attorney prosecuting criminal cases, in private practice for six years in the City of Eugene and presently I handle both criminal and civil cases on appeal for the Attorney General. I had the opportunity to draft Article 11 in its present form.

"MR. OSBURN testified that Oregon at the present time has one of the most restrictive sets of statutes on discovery in the United States. He gave a few examples of this. [*Id* at 2-3]
"* * * * *

"CHAIRMAN BROWNE asked Mr. Osburn if he agreed with the idea that evidence would not be admissible unless the district attorney could show some reason why he had not disclosed it before. MR. OSBURN said he was agreed. *He said that the court would determine why discovery was not made*

Based upon our re-examination of the legislative history of ORS 135.865, we reaffirm our previous holding in *Wolfe* and hold that the Court of Appeals misconstrued that holding in *King* and *Campbell* and also by its decision in this case.

■     As held in *Wolfe,* although the presence or absence of prejudice is a most important factor to be considered by a trial court in deciding whether to impose the extreme sanction of refusing to receive in evidence material that has not been disclosed, the terms of that statute do not require the presence of prejudice as a condition precedent to the imposition of that sanction.

It is true that one of the primary purposes of the criminal discovery statutes is to assure to both the state and the defendant the opportunity, in advance of trial, to be provided with the information required by these statutes so as to enable each party to prepare adequately for trial and to prevent "surprise" at the time of trial. If this were the only purpose of these statutes, it might well follow, as held by the Court of Appeals, that no such sanction is warranted when the violation causes no prejudice.

---

*and determine what the consequences of that ought to be.* He said there was a case in Oregon on the alibi statute in which the defendant did not give notice that he intended to produce alibi witnesses. The trial court ruled that neither the defendant nor his girlfriend would be permitted to testify with respect to the alibi. This was upheld by the Oregon Court of Appeals and is being considered by the United States Supreme Court. The Oregon Supreme Court denied review.

"SENATOR JOHN BURNS asked Chairman Browne if there was a set of Oregon Reports available for the committee. She said there was.

"MR. OSBURN continued with the two issues raised in the alibi case. The first maintains that the state can enact a discovery statute comparable to the alibi statute which requires the defendant to come forward with evidence but does not require the prosecution to come forward with any rebuttal. The second issue is whether the penalty for failure to disclose or not letting the defendant testify as the only defense that he claims to have, is too severe. *Mr. Osburn remarked that it was for this reason the remedy of exclusion is provided. Mr. Osburn said that the Article was drafted to be flexible so that the trial court could have some discretion in determining these matters." Id.* at 4. (Emphasis added)

On March 19, 1973, the Senate Judiciary Committee voted unanimously to adopt the discovery provisions and in doing so approved Section 327 of the Proposed Code (which would become ORS 135.865) as drafted by the Criminal Law Revision Commission. *See* Minutes of March 19, 1973, p. 10, Hearings on SB 80 Before Senate Judiciary Comm., 57th Or. Leg. Ass. Reg. Sess., 1973.

■ In our opinion, however, another important purpose of the criminal discovery statutes is one of efficient judicial administration, i.e., to avoid unnecessary trials, to expedite trials and to prevent the expense and delay of continuances when either party claims to be unprepared to go to trial because of failure by the other party to comply with these discovery statutes. That purpose of these statutes is frustrated when, as in this case, the District Attorney not only fails to respond to defendant's request for discovery until after the case is set for trial and until four days before that date, but then contends that the only proper sanction permitted by ORS 135.865 would be to postpone the trial. This is particularly true when, as also appears in this case, there had apparently been a "history of noncompliance with court rules and court directives" by the state's attorney in this case.

■ We hold that the trial court must always consider the presence or absence of prejudice in deciding what sanction to impose upon either party under the terms of ORS 135.865, but that the trial court is not necessarily precluded by an absence of prejudice from imposing upon either party the sanction of "refus(ing) to permit the witness to testify, or refus(ing) to receive in evidence the material not disclosed," as provided by the terms of that statute.[8] Under the circumstances of this case, the sanction was warranted for the purpose of facilitating the administration of justice, even in the absence of prejudice.

In so holding, we wish to make it clear that just as the criminal discovery statutes provide to both the defendant and the state the right to obtain in advance of trial the information provided by these statutes, so also the sanctions to be imposed for failure to comply with the requirements of these statutes apply to both the state and the defendant.[9] *Wolfe* was a case in which such a sanction

---

[8] We do not undertake to decide in this case the more general question of the nature or extent of the "discretion" conferred upon trial judges by ORS 135.865 because that question has not been briefed or argued by the parties in this case. We hold only that under the facts of this case the trial court did not err in "refus(ing) to receive in evidence the material not disclosed."

[9] As in *Wolfe,* however, we recognize that in some cases the refusal to permit a defendant to call a witness may violate defendant's right under the Sixth Amendment of the Constitution of the United States and Article I, Section 11 of the Constitution of Oregon. This is not such a case. Also, the granting of a continuance may in some cases compromise defendant's right to a speedy trial.

was properly imposed by the trial court upon the defendant. This is a case in which such a sanction was properly imposed by the trial court upon the state.

For these reasons, the decision by the Court of Appeals is reversed and the order by the trial court is affirmed.[10]

---

[10] Defendant's motion to suppress was also based upon alleged violation by the District Attorney of various Rules of the District Court of Lane County. In view of the basis of our decision, we do not consider it to be necessary to consider that contention in this case.