168 February 20, 2025 No. 134

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*
*v.*

DANIEL THOMAS CLICK,
aka Daniel Click,
*Defendant-Appellant.*

Columbia County Circuit Court
19CR11019; A178686

Ted E. Grove, Judge.

Argued and submitted June 17, 2024.

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission. Daniel T. Click filed the supplemental brief *pro se*.

Christopher A. Perdue, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Joyce, Judge, and Linder, Senior Judge.*

LINDER, S. J.

Reversed and remanded with instructions to enter a single judgment of conviction; remanded for resentencing; otherwise affirmed.

_____
* Linder, S. J., *vice* Jacquot, J.

**LINDER, S. J.**

Defendant was convicted of two counts of sexual abuse in the first degree arising from acts he committed against his daughter. On appeal, defendant raises seven assignments of error, four through counsel and three *pro se*. We accept the state's concession that the trial court erred by failing to merge the guilty verdicts on the two counts. We accordingly reverse and remand with instructions to enter a single judgment of conviction and for resentencing. We otherwise affirm.

The charges in this case arose after defendant had sexual contact with his 12-year-old daughter in the garage of their home. In interviews with school and law enforcement authorities, the victim described two sexual contacts with defendant during which defendant ejaculated. Some of the ejaculate got on the victim's hand, which she wiped on defendant's jacket. The victim described the jacket and also drew a map of the garage showing two spots where defendant's ejaculate fell to the floor. A police officer searched the garage, seized the jacket, and sampled two spots on the floor in locations matching the victim's map. DNA from sperm cells on both the jacket and the garage floor samples matched defendant's DNA. DNA from the epithelial cells in the samples matched the victim's DNA as well as defendant's, with defendant as the major contributor and the victim a minor contributor to the DNA.

*Sanction for Discovery Violation.* Defendant, through counsel, first challenges the trial court's denial of his motion to dismiss with prejudice for a discovery violation by the state. The issue arose when, a few days before trial, the state moved for a continuance, explaining that it had learned of a pending internal investigation into a police officer who would be a witness in defendant's case. The state expected the investigation to result in exculpatory evidence in defendant's and other defendants' cases. The investigation would not be completed, however, until after the scheduled date for defendant's trial. By then, the charges against defendant had been pending for two years due to defendant's request for a continuance, followed by the COVID-19 pandemic. Defendant opposed the state's motion and moved to

dismiss with prejudice for a discovery violation, suggesting that the state's motion was a pretext to gain time because of the victim's possible recantation. The trial court granted the continuance, satisfied with the state's representation of why it was asking for the continuance. The court did not rule on defendant's motion to dismiss at that time.

The trial was rescheduled to the first available court date when defendant's expert could appear, a postponement of nearly a year. The trial court waited to resolve defendant's motion to dismiss until the state completed the investigation. The investigation resulted in multiple charges against Officer Gainer—the officer who had collected the DNA evidence in defendant's garage. The charges all related to his handling and disposing of drug evidence. The state provided defendant with full discovery from the investigation. Because the state determined that Gainer's alleged misconduct did not affect the evidence in defendant's case, it continued to pursue the charges against defendant. The rescheduled trial date was still months away.

Once the investigation was completed, the trial court held a hearing on defendant's motion to dismiss. The parties disputed whether the state violated its discovery obligations and, if so, the appropriate sanction. The trial court concluded that the state had committed a discovery violation by not disclosing the existence of the pending investigation as soon as it had notice of it. The trial court found, however, that the state did not act in bad faith and that the violation resulted in "little to no" prejudice to defendant. The trial court therefore declined to impose a severe sanction of dismissing the case with prejudice or, alternatively, excluding Gainer's testimony. Instead, the trial court censured the state by warning it to timely disclose all potentially exculpatory evidence to defendant. Defendant challenges the trial court's resolution, arguing that the trial court erred in its assessment of prejudice, and therefore abused its discretion in not ordering a harsher sanction of dismissal or exclusion of Gainer's testimony.

In *State v. Dyson*, 292 Or 26, 636 P2d 961 (1981), the Supreme Court recognized two kinds of harm that can warrant a sanction for a discovery violation. The first

is "prejudice," which the court used to refer specifically to harm to a party's inability to prepare in advance for trial and to avoid surprise during trial. *Id.* at 35-36. Even in the absence of prejudice, however, a trial court has discretion to impose a sanction for a discovery violation that frustrates "efficient judicial administration." *Id.* at 36. *Dyson* involved harm of that second kind. There, the prosecutor had ignored the defendant's discovery requests until a few days before trial and then contended that the only proper remedy would be to postpone the trial. *Id.* The Supreme Court held that, even though the defendant in *Dyson* was not prejudiced— that is, not harmed in his ability to prepare for trial—the trial court had discretion to dismiss the charges in the interest of efficient judicial administration given the prosecutor's deliberate discovery violation and his "history of noncompliance with court rules and court directives." *Id.*; *see also State v. Kull*, 298 Or 38, 42-44, 688 P2d 1327 (1984) (trial court's supervisory authority to ensure that discovery proceeds properly and expeditiously includes broad discretion to sanction noncompliance with court orders).

Defendant's claim of harm in this case likewise falls into *Dyson*'s second category—harm to efficient judicial administration. Relying on *Dyson*, defendant argued below that the state's reason for seeking a continuance was a "subterfuge" and that, in fact, the state was not ready for trial due to concerns that the victim might recant. Defendant asserted that the state had strategically waited until the "eve of trial" to disclose the existence of the pending Gainer investigation to gain time to deal with its witness issues. Earlier disclosure of the Gainer investigation, defendant maintained, would have allowed his team to independently investigate the suspected misconduct and defendant could have been ready to go to trial without a continuance. Defendant had received full discovery when the investigation was complete and did not assert any prejudice to his ability to prepare for trial. Instead, the harm that he relied on below, and reasserts on appeal, is the additional one-year delay of the trial, during which defendant remained subject to the conditions of his release and the charges against him remained unresolved.

In essence, defendant's premise was at trial and remains on appeal that, but for the state's discovery violation, the trial would have gone forward without a further set over. That premise, however, depended on defendant's claim of bad faith, which the trial court rejected, and defendant no longer asserts. In rejecting defendant's bad faith claim, the trial court found that the state delayed advising defendant of the pending investigation due to its concern that disclosure would compromise the investigation, a concern that the trial court considered "correct" but that a protective order would have addressed. The trial court further found that, when the state sought the continuance, the state's knowledge about Gainer's "alleged wrongdoing was limited." The trial court determined that, regardless of whether earlier disclosure would have led defendant to be ready to proceed to trial without a continuance, the state would have needed additional time to complete the investigation into Gainer's misconduct so that it could provide full discovery and not go to trial on "false evidence."[1] *See Tiner v. Premo*, 284 Or App 59, 71, 391 P3d 816 (2017), *rev den*, 361 Or 886 (2017) (conviction on evidence that prosecution knows or should have known to be false violates federal due process; citing cases).

Thus, as the trial court found the facts, the state's discovery violation was not the cause of the trial's postponement. *See State v. Pilon*, 321 Or App 460, 473, 516 P3d 1181 (2022) (in discovery context, appellate court defers to trial court's findings of predicate facts; prejudice or other harm is a question of law). The trial court granted the continuance to allow the state time to complete its investigation, to determine and disclose all related exculpatory evidence, and to decide whether to proceed with defendant's prosecution. Because the discovery violation did not cause the harm

---

[1] Defendant argues that the trial court second-guessed defense counsel's trial strategy by discounting defendant's argument that, if the state had given defendant notice of the investigation sooner, "any information provided, even if incomplete, would have allowed his defense team to begin its own investigation." *See State v. Pilon*, 321 Or App 460, 475, 516 P3d 1181 (2022) (trial court should not substitute court's judgment for counsel's regarding trial strategy, especially on the import of new evidence). That argument misses the mark. The trial court accepted that the defense, if it had been advised of the pending investigation sooner, might have been willing to go to trial without a reset. The trial court's point was that the state's legitimate need for a continuance would have resulted in a reset of the trial just the same.

to "efficient judicial administration" that defendant relies on, the trial court exercised sound discretion by neither dismissing the charges nor excluding Gainer's testimony as a sanction. *See State v. Biggs*, 331 Or App 314, 322, 545 P3d 193 (2024) (trial court's ruling on appropriate discovery violation sanction is reviewed for abuse of discretion).

*Exclusion of Specific Charges Against Gainer.* At trial, Gainer was called as a witness to describe his search of defendant's home and the evidence that he had collected there. On cross-examination, the defense established that Gainer was currently under indictment on 12 charges brought by the same District Attorney's Office pursuing defendant's prosecution. When the defense asked if six of the charges were for official misconduct, the state objected on relevance grounds. In response, defendant argued that the names of the charges were relevant to show that Gainer might not have followed protocols for gathering evidence or might have tampered with the evidence. The trial court agreed that the pending charges were relevant to bias and motive because they gave the officer a reason to cooperate with the prosecution. The trial court concluded, however, that identifying the specific charges to show Gainer's character for mishandling evidence and that he conformed to that character in investigating this case would constitute inadmissible bad acts (*i.e.*, propensity) evidence against a third-party witness. The trial court therefore sustained the objection.

On appeal, in his counsel's second assignment of error, defendant challenges the trial court's ruling, arguing that the specific charges would have permitted the factfinder (here, the trial court) to conclude that Gainer could not be trusted to handle evidence and was not honest in his testimony. We agree with the trial court that relevance for that purpose would require a propensity inference—*i.e.*, Gainer mishandled and was deceptive in handling drug evidence in the past, therefore he mishandled and was deceptive in handling DNA evidence in this case. That inference may be questionable given the different nature of the evidence involved.[2] But even if that inference logically follows, the evidence was

_____

[2] The inference is especially questionable given the suggestion in the record that Gainer's handling of drug evidence (Oxycodone) may have been due to his addiction to pain medications.

not admissible for that purpose. *See* OEC 404(3) ("Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith."). The trial court did not err.

*Merger of guilty verdicts.* Defendant's third assignment of error, made through counsel, challenges the trial court's failure to merge defendant's two guilty verdicts into a single conviction. Defendant argues, and the state concedes, that the state failed to establish a sufficient pause between the two acts of sexual contact that formed the basis for defendant's convictions. *See* ORS 161.067(3) (separate convictions involving same crime and same victim require pause in defendant's conduct sufficient for defendant to renounce criminal intent). Having reviewed the record, we conclude that the state's concession is well taken. We therefore reverse and remand with instructions to merge the verdicts by entry of a single judgment of conviction.

*Remaining Assignments of Error.* We resolve the remaining assignments of error more summarily. Defendant's fourth assignment of error made through counsel challenges the 75-month sentence imposed by the trial court as unconstitutionally disproportionate. We do not reach that issue in light of our remand to merge the guilty verdicts, which requires resentencing. We decline to reach defendant's first *pro se* assignment of error challenging his pretrial release conditions because his claim is unpreserved, even assuming that it is not moot. Defendant's second *pro se* assignment of error challenges the trial court's exclusion of certain hearsay evidence. To the extent defendant's arguments are preserved, we find no error. On defendant's third *pro se* assignment of error, we conclude that the trial court did not err in denying defendant's motion to dismiss on speedy trial grounds.

Reversed and remanded with instructions to enter a single judgment of conviction; remanded for resentencing; otherwise affirmed.