No. 508 June 4, 2025 143

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONALD EUGENE POTTER,
*Defendant-Appellant.*

Clackamas County Circuit Court
23CR49228; A183067

Ann M. Lininger, Judge.

Submitted May 15, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a judgment of multiple con-
victions stemming from a domestic violence incident. In a
single assignment of error, defendant challenges the trial
court's remedy for a discovery violation. Reviewing for abuse
of discretion, *State v. Moss*, 147 Or App 658, 663, 938 P2d
215, *rev den*, 325 Or 491 (1997), we affirm.

At trial, the victim, A, testified that she sent photo-
graphs documenting her injuries to one of the police officers,
which were not among the photographs that had been pro-
vided to defendant by the prosecutor's office; the existence
of those photographs was news to both the defense attorney
and the prosecutor. The police officer acknowledged that he
forgot to include the additional photographs in his report.
Defendant moved for a mistrial as a sanction for the statu-
tory discovery violation, ORS 135.815(1)(g),[1] arguing, in the
main, that it would have affected his cross-examination of
A. The trial court agreed that an inadvertent discovery vio-
lation had occurred but declined to grant a mistrial, instead
offering the remedy of a continuance and the opportunity for
defendant to cross-examine A and the police officer again.
*See* ORS 135.865 (to remedy a discovery violation, a trial
court "may order the violating party to permit inspection of
the material, or grant a continuance, or refuse to permit the
witness to testify, or refuse to receive in evidence the mate-
rial not disclosed, or enter such other order as it considers
appropriate").

On appeal, defendant now argues, in the main,
that the discovery violation may have affected his decision
to waive jury, and thus the only remedy that would have
sufficed was a mistrial. Because defense counsel's advice to

---

[1] ORS 135.815(1)(g) provides, in full:

"Except as otherwise provided in ORS 135.855 and 135.873, the district
attorney shall disclose to a represented defendant the following material and
information within the possession or control of the district attorney:

"(g) Any material or information that tends to:

"(A) Exculpate the defendant;

"(B) Negate or mitigate the defendant's guilt or punishment; or

"(C) Impeach a person the district attorney intends to call as a witness at
the trial."

waive jury was based on counsel's belief that the case presented only "legal issues," and the new photographs presented an opportunity to challenge the credibility of the victim, defendant argues that, had defense counsel received the photographs prior to trial, she may have advised defendant not to waive jury.

The trial court did not abuse its discretion in rejecting defendant's argument. The trial court noted that the case was a credibility contest regardless of the photos and reasoned that a continuance would allow defendant to use the photographs in cross-examination. That was a legally permissible remedy. *See State v. King*, 30 Or App 223, 228, 566 P2d 1204 (1977), *rev den*, 281 Or 1 (1978), *overruled in part on other grounds by State v. Dyson*, 292 Or 26, 35, 636 P2d 961 (1981) (acknowledging that the legislature intended "a reasonable continuance" to be "the most appropriate remedy in the majority of situations"); *see also State v. Pilon*, 321 Or App 460, 477, 516 P3d 1181 (2022) (recognizing the breadth of a court's discretion to fashion a remedy under ORS 138.865, considering factors including "[t]he amount of prejudice created by a violation, the reasons disclosure was not made, the feasibility of rectifying the prejudice, and other relevant circumstances").

Affirmed.